IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-00425 STV

**TINA M. PETERS,**
    Applicant,

v.

**JOHN FEYEN**, in his official capacity
    as Sheriff of Larimer County, Colorado,
        Respondent,

   and

**PHILIP J. WEISER**, in his official capacity
    as Attorney General of the State of Colorado,
        Additional Respondent.

_____

**OBJECTION TO RESPONDENTS' MOTION FOR EXTENSION OF TIME**

Applicant Tina Peters, through counsel, objects to the Motion of Attorney General Philip J. Weiser for an extension of time to file a Pre-Answer Response. Ms. Peters, an ailing, 69-year-old, who is appealing her convictions for non-violent offenses allegedly committed while she was serving as the elected Clerk and Recorder of Mesa County, has been subjected to retaliatory treatment while incarcerated by officials of Larimer County and the State of Colorado. As described in the attached Declaration of Linda Good (Exhibit 1) and Ms. Peters'

1

pastor Dennis Hoshiko (Exhibit 2), in Ms. Peters' four and one-half months of incarceration – itself an unlawful travesty – she has been repeatedly strip-searched, harassed, demeaned, and deprived of sleep by being housed in facilities with lights on round-the-clock.  The Attorney General of Colorado, instead of acting to rectify such outrages, treats Ms. Peters' Application for a Writ of Habeas Corpus as just another ho-hum matter backed-up on the docket, and asks this Court to double the already generous time set by the Court for his response– and so prolong Ms. Peters' subjection to such treatment – because the attorney he assigned to this case is busy.

The Attorney General employs more lawyers than any law firm in Colorado.  In August of 2021, Mr. Weiser assigned two experienced trial deputies to investigate and prosecute Ms. Peters as deputy district attorneys of Mesa County.  The two assistant attorneys general stayed on the case for 37 months, tried the case for the prosecution, and remained counsel of record through sentencing.  How can it be that the largest law firm in Colorado, which assigned two of its best lawyers to convict Ms. Peters, has only one lawyer who can respond to this Court's order to file a pre-answer response, and that lawyer needs an additional 21 days to comply?

The pending habeas corpus application presents a straightforward question that requires no extensive research and drafting: can the State justify the denial of bond pending appeal on the basis of speech protected by the First Amendment which does not threaten anyone? There is no legitimate reason for prolonging that decision, which the State can readily address

2

without an extension. Moreover, the issues to be addressed in the pre-answer response themselves pose simple, threshold questions. The first is whether the Application was timely filed within the one-year statute of limitations. The application was filed four months after the deprivation of Ms. Peters' constitutional rights, well within the one-year period.

Second, has Ms. Peters exhausted state court remedies under 28 U.S.C. § 2254(b)(1)(A)? This is equally simple. Ms. Peters applied for bond pending appeal in the state district court, and the district court denied bond because of her public statements. She then applied for bond pending appeal in the Colorado Court of Appeals, which denied her motion on December 6, 2024, without stating a reason. She has no right to seek additional review of the Court of Appeals decision. Colorado Appellate Rule 51.1 states that an applicant has exhausted state remedies when the Court of Appeals denies relief and the time for petitioning for review on certiorari has expired, which it has in this case.

Third, does Ms. Peters' Application for a Writ of Habeas Corpus present cognizable claims under § 2254? This requires a yes or no answer and attachment of relevant portions of the state-court record. Since the Attorney General still employs on his staff the two deputies who prosecuted the case for 37 months, and who are intimately familiar with the trial court record, the notion that a new attorney must now learn the record from scratch to adequately present the Attorney General's position is not credible, especially when the delay prolongs the mistreatment of Ms. Peters. By any reasonable measure, the 21 days granted by the Court's

3

Order for the Attorney General to respond is more than sufficient time to comply.

With each day that passes, Ms. Peters is subjected to an unconstitutional incarceration engineered to punish her for exercising her First Amendment rights. Application for Writ of Habeas Corpus at 12-17. And this is not simply a matter of an unconstitutional deprivation of her freedom – as bad as that is – but entails an unjustifiable physical and psychological abuse that should not be, and cannot be, tolerated in any jail or prison supposedly subject to the principles of our Constitution.

Today, this Court must move forward expeditiously to adjudicate Ms. Peters' claim for release while her appeal is pending. Drawing out that adjudication in these circumstances by doubling the time for the Attorney General to respond to Ms. Peters is unwarranted and offensive to basic notions of justice.

WHEREFORE, Ms. Peters prays that the Court deny Respondents' request for an extension of time.

Respectfully submitted February 21, 2025.

                                           s/*John Case*
                                       John Case
                                       John Case, P.C.
                                       6901 South Pierce St. #340
                                       Littleton CO 80128
                                       Phone|303-667-7407
                                       brief@johncaselaw.com

                                       *Co-Counsel for Applicant Tina Peters*

## CERTIFICATE OF SERVICE

 I hereby certify that on February 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

 *s/ Linda Good*