**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

JOHN FEYEN, in his official capacity as Sheriff of Larimer County, Colorado; and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

**RESPONSE TO STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA**

    Respondent Attorney General Philip J. Weiser respectfully requests that this Court reject the proposed Statement of Interest of the United States of America, ECF No. 16, and in support, more fully states:

**INTRODUCTION**

    In what appears to be a naked, political attempt to threaten or intimidate either this Court or the attorneys that prosecuted this matter, the United States has taken the unprecedented and extraordinary step of filing a "statement of interest" in this habeas proceeding concerning a state criminal conviction. This statement purports to request "prompt and careful consideration" of "reasonable concerns [that] have been raised" about the conviction and sentence of Tina Peters, followed by an announcement that the Department of Justice is evaluating whether the State of Colorado's prosecution of Ms. Peters was politically motivated. ECF No. 16. The United States cites not a single fact to support its baseless allegations that there are any reasonable concerns about Ms. Peters' prosecution or sentence, or that the prosecution was politically motivated in

1

any way. Rather, what appears "politically motivated"—and a grotesque attempt to weaponize the rule of law—is the very statement the United States has filed.

While serving as the Clerk and Recorder of Mesa County, Ms. Peters deceived county employees to obtain credentials that allowed an unauthorized person to access Mesa County's voting system after the 2020 election. ECF No. 2, at 45-53, 65-67. A Mesa County jury convicted Ms. Peters of three counts of attempt to influence a public servant, one count of conspiracy to commit criminal impersonation, and one count each of: first-degree official misconduct, violation of duty, and failure to comply with requirements of the Secretary of State. *Id.* at 113-14. Ms. Peters sought an appeal bond, which the trial court denied because Ms. Peters demonstrated repeatedly that she believed she was above the law—from deceiving county employees, to violating the State's rules governing its election systems, to appearing (with a camera crew) at a voting site in violation of a protection order issued by the trial court. *Id.* at 102-05. At no point during the proceedings did Ms. Peters exhibit any indication that she understood the gravity of her criminal conduct. *Id.* Instead, even after her conviction, she reaffirmed her position that her conduct was justified by her conspiracy theories about the 2020 election. *Id.* She now seeks, through an Application for Habeas Corpus filed pursuant to 28 U.S.C. § 2254, review of the state courts' denial of an appeal bond. ECF No. 1.

There is no legitimate basis for the United States' "Statement of Interest," and the Court should reject it. Respondent Attorney General is unaware of the United States *ever* filing a statement in a habeas application challenging the State of Colorado's criminal proceedings, and the only interest it has articulated is a political concern wholly inappropriate in this judicial proceeding.

Our nation's commitment to the principle of the "rule of law" requires the equal and fair administration of the law regardless of the defendant in any particular case. The United States' suggestion that there is a uniquely important interest in advocating for this individual— because of her political views—is unprecedented, highly problematic, and a threat to the rule of law. Like other challenges to this fundamental principle, this effort must be rejected outright, and our nation must hold firm to this core commitment of our justice system.

## REASONS TO DENY THE STATEMENT OF INTEREST

This Court should reject the statement because the United States identifies no interest inadequately protected by the State of Colorado or related to the only question presented in the Application.

### I. This Court should reject the Statement of Interest.

"It is solely within the Court's discretion to permit or deny a statement of interest." *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 485 F. Supp. 3d 712, 724 (N.D. Tex. 2020); *accord LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018), *aff'd*, 954 F.3d 1018 (8th Cir. 2020). To that end, courts consider whether the proposed statement of interest is "timely, useful, or otherwise necessary to the administration of justice." *Id.*; *see also U.S. ex rel. Calilung v. Ormat Indus., Ltd.*, 2015 WL 1321029, at *6 (D. Nev. Mar. 24, 2015) (statement of interest "is not entitled to any particular deference").

This Court should reject the United States' statement of interest for two reasons:

### a. The United States identifies no interest inadequately protected by the State of Colorado.

The United States has not articulated a colorable interest in this case. *See Sea Hunt, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 22 F. Supp. 2d 521 (E.D. Va. 1998) (finding that

3

United States had "no real interest" in the matter because the outcome of the litigation would not affect the United States, only the parties to the lawsuit).

First, the United States asserts an interest in ensuring that the underlying prosecution was brought in order to pursue "actual justice or legitimate governmental objectives." ECF No. 16, at 2. The United States presumably maintains that interest in all actions and it articulates no reason to distinguish this prosecution, except the fact that Ms. Peters has aligned herself with the sitting President's conspiracy theories regarding the 2020 presidential election. In the long history of Respondent Attorney General's Office handling habeas petitions challenging the State of Colorado's criminal proceedings, the office is unaware of the United States having ever previously filed a "statement of interest."

Second, the United States asserts an interest in ensuring that the underlying prosecution was not politically motivated. ECF No. 16, at 2. Again: the United States presumably maintains that interest in all actions. But the Statement contains no explanation of why additional scrutiny would be warranted here; and even if it had, the facts of this case do not warrant such scrutiny. The prosecution impaneled a grand jury—made up of members of Ms. Peters' conservative, heavily-Republican community—to determine whether she should be prosecuted for her actions. Indeed, this case was brought in "one of the most conservative jurisdictions in Colorado" and "the same voters who elected Ms. Peters, also elected the Republican District Attorney who handled the prosecution, and the all-Republican Board of County Commissioners who unanimously requested the prosecution of Ms. Peters on behalf of the citizens she victimized. Ms. Peters was indicted by a grand jury of her peers, and convicted at trial by the jury of her peers that she selected." Statement of District Attorney Rubinstein, as quoted in the Denver Post. *See* [3/4/25 Denver Post Article](#).

Lastly, the elected Republican District Attorney who prosecuted this case did no more than fulfill his duty to "appear on behalf of the state and the several counties of his district . . . in all indictments . . . which may be pending in the district court in any county within his district wherein the state or the people thereof or any county of his district may be a party." *See* § 20-1-102(1)(a), C.R.S. (2024). Likewise, the Office of the Colorado Attorney General, which regularly works with rural District Attorney offices to provide resources and expertise on complex cases, did so here at the request of and under the authority of the Mesa County District Attorney. Regardless of Ms. Peters' political beliefs or affiliations, using deception to give an unauthorized person access to voting machines and interfering with established security protocols to conceal her actions is not only a serious breach of the duties with which Ms. Peters was entrusted by her community, but also unquestionably criminal conduct for which any perpetrator would be held accountable. Defending and advancing the rule of law is a legitimate governmental interest with which the United States is presumably aligned. In light of the undisputed facts—and the failure of the United States to point to a single fact which supports a politically motivated prosecution—this Court should reject the Statement of Interest.

### b. The United States identifies no interest related to the narrow question presented in Ms. Peters' Application.

The sole issue on which Ms. Peters seeks review is the state courts' denial of an appeal bond. To the extent this claim is not barred by the procedural defenses of timeliness and exhaustion of state court remedies, this Court's limited review will be to determine whether the state *courts* acted arbitrarily in denying the request for an appeal bond. *See, e.g., Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972). The Unites States' stated interest in evaluating whether the state's *prosecution* of Ms. Peters was politically motivated has absolutely no bearing on this question. Therefore, it appears the United States' true interest in this matter is to advocate

5

for a party who has very publicly promoted the 2020 election conspiracy theories of the sitting President, not to address the relevant issue before this Court.

The United States also asserts an interest in "prompt and careful consideration" of the assertions in the application. ECF No. 16. But this Court, like all federal courts, is charged with administering the law in a prompt, fair, and patient manner. Code of Conduct for U.S. Judges, Canon 3A(1), (3), (5). Therefore, it is unnecessary and unwarranted for the United States to be heard on this point, particularly because, again, the United States presumably holds this interest in all actions yet has singled out this case in which to wield its power for the benefit of a party who has aligned herself politically with the President.

## CONCLUSION

Based on the reasons and authorities set forth above, Respondent Attorney General respectfully requests that this Court reject the United States' "Statement of Interest" as unhelpful, unnecessary, and unwarranted.

Respectfully submitted,

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Shannon Stevenson*
SHANNON STEVENSON
Solicitor General

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000