IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

JOHN FEYEN, in his official capacity as Sheriff of Larimer County, Colorado, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

## PRE-ANSWER RESPONSE

Respondents, having been served with this Court's Order, ECF No. 5, file the following pre-answer response. Respondents do not assert that the application is untimely but do assert the exhaustion doctrine precludes habeas review.

### I.  Federal Habeas Proceedings

Applicant Tina Peters is serving a jail sentence in the custody of the Larimer County Jail. ECF No. 1, at 1. She initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 relating to her judgment of conviction in Mesa County Court case 22CR371. *Id.* at 2-3; ECF No. 2, at 6. She does not challenge her judgment of conviction or sentence; she challenges only the state courts' denial of an appeal bond. ECF No. 1, at 2.

### II.  Background and State Court Proceedings

While serving as the Clerk and Recorder of Mesa County, Applicant deceived state officials to obtain credentials that allowed an unauthorized person to access Mesa County's voting system after the 2020 election. ECF No. 2, at 45-53, 65-67. A Colorado jury convicted

Applicant of three counts of attempt to influence a public servant, one count of conspiracy to commit criminal impersonation, and one count each of: first-degree official misconduct, violation of duty, and failure to comply with requirements of the Secretary of State. *Id.* at 113-14. The trial court sentenced her to a prison term of eight-and-a-half years to be served consecutively to the six-month jail sentence she is currently serving. *Id.*

Applicant filed a motion in the trial court for an appeal bond. ECF No. 2, at 118-23. The trial court denied the motion because Applicant demonstrated repeatedly that she believed she was above the law—from deceiving state officials, to violating the State's rules governing its election systems, to appearing (with a camera crew) at a voting site in violation of a protection order issued by the trial court. *Id.* at 102-05. Applicant exhibited no indication that she understood the gravity of her criminal conduct. *Id.* Instead, even after her conviction, she reaffirmed her position that her conduct was justified by her conspiracy theories about the 2020 election. *Id.*

Applicant subsequently filed a notice of appeal and motion for an appeal bond in the Colorado Court of Appeals ("CCA"). ECF No. 2, at 170-183, 185-221. The CCA denied the motion. *Id.* at 184. Applicant's direct appeal is currently pending in the CCA.

### III.     Federal Habeas Claim

Applicant asserts that her constitutional rights were violated by the state courts' denial of an appeal bond, specifically, her:

1. First Amendment right to free speech;
2. Fourteenth Amendment right to due process; and

3. Right to immunity from prosecution under the Supremacy and Privileges or Immunities Clauses.

ECF No. 1, at 11-26.

## I.  Jurisdiction

"A state prisoner has no absolute federal Constitutional right to bail pending appeal." *Hamilton v. State of N.M.*, 479 F.2d 343, 344 (10th Cir. 1973). This point of law is well-settled. *Young v. Hubbard*, 673 F.2d 132, 134 n.1 (5th Cir. 1982) (collecting cases). However, if a state creates provisions for bail pending appeal, arbitrary denial of bail violates the Fourteenth Amendment. *U.S. ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir. 1973).

Still, "[f]ederal courts do not sit as appellate courts to review the use or abuse of discretion of state courts in granting or withholding bail pending final appeal." *Hamilton v. State of N.M.*, 479 F.2d 343, 344 (10th Cir. 1973); *see also Young*, 673 F.2d at 134. The scope of habeas corpus review is limited to a test of the constitutionality of the denial. *Young*, 673 F.2d at 134. "Thus, the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972).

## II.  Respondents do not assert untimeliness.

A one-year period of limitation applies to an application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As relevant here, the period runs from the date on which the judgment became final upon the conclusion of direct review. *See id.* Here, the judgment is not yet final because Applicant's direct appeal is currently pending, and thus, the habeas clock has not yet started ticking. Accordingly, Respondents do not assert the defense of untimeliness.

### III. The exhaustion doctrine precludes review of the application.

### A. Applicable Law

To obtain federal habeas review, a habeas Petitioner must ordinarily exhaust the remedies available in state court. 28 U.S.C. § 2254(b), (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, to "protect the state courts' role in the enforcement of federal law," and to "prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Habeas courts "rigorously enforce[] [a] total exhaustion rule" as a matter of comity in "our dual system of government," which requires a federal court to defer action until state courts have had an opportunity to pass upon the matter. *Id.*

To properly exhaust a claim, a state prisoner must give the state courts a full opportunity to address any constitutional issues by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To complete a full round of the review process in Colorado, an applicant must present the claim to the CCA. *Ellis v. Raemisch,* 872 F.3d 1064, 1082 (10th Cir. 2017). The applicant bears the burden of demonstrating exhaustion. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his claim to the appropriate state court in a manner that "alert[s] that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. General references to the Constitution, due process, equal protection, or the right to a fair trial are insufficient. *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th

Cir. 2005). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Additionally, fair presentation "require[s] a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A claim was not fairly presented in state court if the claim presented in the federal habeas application rests on a different legal theory or different constitutional allegation than the claim presented to the state courts. *Id.* at 276-77; *see also Ellis*, 872 F.3d at 1092 (where petitioner failed to present to the state court the two distinct bases for alleged ineffective assistance of counsel, they were not properly exhausted and not properly considered on federal habeas review).

When an applicant has presented a claim in state court, but the state court denied it for failure to follow state procedural rules, the claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A habeas court may not review such claims unless the ground relied upon by the state court was not an "independent and adequate state ground." *Id.* A state procedural ground is independent if it is "separate and distinct" from federal law and not interwoven with, or dependent on, federal law. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *Andrews v. Deland*, 943 F.2d 1162, 1188 n.40 (10th Cir. 1991). A state ground is adequate if it is "firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (cleaned up).

Similarly, when an applicant has not presented a claim in state court, but the claim is now barred by an independent and adequate state ground, a habeas court is precluded from reviewing

5

the claim. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at n.1; *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (discussing principle of "anticipatory procedural bar"). In such circumstances, habeas review is foreclosed because the petitioner "has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32.

### B. Application of Law

Applicant asserts that her constitutional rights were violated by the state courts' denial of an appeal bond, specifically, her: (1) First Amendment right to free speech; (2) Fourteenth Amendment right to due process; and (3) right to immunity from prosecution under the Supremacy and Privileges or Immunities Clauses. ECF No. 1, at 11-26. In her motion for an appeal bond filed in the CCA, Applicant asserted that her First Amendment right to free speech was violated when the trial court denied an appeal bond on the basis of her statements. ECF No. 2, at 200-07. However, Applicant did not assert in either of her state court motions that her Fourteenth Amendment right to due process or her right to immunity from prosecution under the Supremacy and Privileges or Immunities Clauses would be violated by the denial of an appeal bond. *See generally* ECF No. 2, at 118-22, 185-219.

Applicant's motion in the CCA contained numerous references to the First Amendment and various arguments about how her First Amendment rights were violated. *See* ECF No. 2, at 200-07. In contrast, neither of her state court motions contain any mention of the Fourteenth Amendment or her right to due process. *See generally id.* at 118-22, 185-219. Although she included one generic reference to the federal constitution—stating that the trial court's rationale for denial "does not pass muster under the principles of the United States and Colorado

Constitutions," *id.* at 207—it is evident from the context that this was a reference to her First Amendment argument. *Id.* at 205-07; *see Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (claim not fairly presented when focus of state court briefing was a different constitutional claim). Further, a single, fleeting, generic reference to a violation of her constitutional rights is not enough to exhaust a specific federal constitutional claim. *Gray*, 518 U.S. at 163; *Cole v. Zavaras*, 349 Fed. Appx. 328, 331 (10th Cir. 2009).

Without any reference to the Fourteenth Amendment or due process—let alone any development or even argument that this right would be violated by the denial of an appeal bond—Applicant cannot meet her burden to show that "the 'substance' of [her] claim has been presented to the state courts in a manner sufficient to put the courts on notice of [this] federal constitutional claim.'" *Grant*, 886 F.3d at 890; *see also Garson v. Perlman*, 541 F. Supp. 2d 515, 518 (E.D.N.Y. 2008) (petitioner failed to exhaust his claim that the denial of an appeal bond violated his constitutional rights because he did not make this claim in state court). Therefore, the portion of Applicant's claim containing this assertion is unexhausted and should not be considered on habeas review. *See Connor*, 404 U.S at 276-77; *Ellis*, 872 F.3d at 1092.

Similarly, Applicant did not fairly present to the state courts the assertion that her right to immunity from prosecution under the Supremacy and Privileges or Immunities Clauses would be violated by the denial of an appeal bond. Although Applicant referenced in her state court motions the pre-trial motion to dismiss she filed based on the Supremacy and Privileges or Immunities Clauses, ECF No. 2, at 119, 217, at no time did she argue in state court that these clauses would be violated by the denial of an appeal bond. *See generally id.* at 118-22, 185-219. Instead, she merely included the trial court's denial of her motion to dismiss as one of the nine

7

issues she intends to raise in her direct appeal to the CCA. *Id.* at 119, 213-18. Applicant's reference to these clauses in this context did not alert the CCA to the assertion she now raises in her federal habeas application—that the denial of an appeal bond violated these clauses. Accordingly, the portion of her claim containing this assertion is unexhausted and should not be considered on habeas review. *See Connor*, 404 U.S at 276-77; *Ellis*, 872 F.3d at 1092.

Furthermore, Applicant's assertion that her right to immunity from prosecution under the Supremacy and Privileges or Immunities Clauses was violated by the denial of an appeal bond is also precluded under the exhaustion doctrine because it is inextricably tied to a claim Applicant will challenge on direct appeal: whether her state prosecution was precluded by the Supremacy and Privileges or Immunities Clauses. *See* ECF No. 2, at 119, 217. In other words, Applicant challenges her appeal bond on the same basis on which she will challenge her conviction on direct appeal. Because Applicant's direct appeal is pending, the CCA has not yet had an opportunity to consider the issue. Therefore, under the exhaustion doctrine, this Court must defer habeas review until the CCA can rule on it. *See Lundy*, 455 U.S. at 518 (comity requires a habeas court "rigorously enforce[] [a] total exhaustion rule" and defer action until the state courts rule on the matter).

Likewise, to the extent Applicant will challenge the legality of her sentence on First Amendment grounds based on the trial court's statements during the sentencing hearing, *see* ECF No. 2, at 179 (listing "illegal sentence" as appeal issue), the exhaustion doctrine also precludes review of the assertion that her First Amendment rights were violated by the denial of an appeal bond. Again, these claims are inextricably linked because they are both based on the trial court's statements during the sentencing hearing, *see, e.g.*, ECF No. 1, at 15. And because Applicant's

direct appeal is currently pending, the CCA has not yet had an opportunity to consider the claim that the trial court's sentencing considerations—as expressed in its statements at the sentencing hearing—violated her First Amendment right to free speech. Accordingly, under the exhaustion doctrine, this Court must defer habeas review until the CCA can rule on the claim.[1] To do otherwise "would be unseemly in our dual system of government." *Lundy*, 455 U.S. at 518. Indeed, it would allow Applicant a federal end-run around an issue for her state direct appeal.

It is unclear whether Applicant could return to state court and exhaust her assertion regarding her Fourteenth Amendment right to due process. Colorado's appeal bond statute, Colo. Rev. Stat. § 16-4-204(4) provides: "Nothing contained in this section shall be construed to deny any party the rights secured by section 21 of article II of the Colorado constitution"—the habeas corpus provision of the state constitution. Generally, a Colorado defendant must pursue postconviction relief under Colo. R. Crim. P. 35(c) instead of through habeas corpus. *People v. Wiedemer*, 852 P.2d 424, 434 (Colo. 1993). And Colo. R. Crim. P. 35(c)(3)(VII) prohibits piecemeal postconviction litigation by barring claims that could have been presented in a prior postconviction proceeding. To the extent Colo. R. Crim. P. 35(c)(3)(VII) bars Applicant from presenting this new constitutional basis for her claim in state court, it is anticipatorily defaulted. *See Anderson*, 476 F.3d at 1139 n.7; *see also Ellis*, 872 F.3d at 1093 n.7 (Colo. R. Crim. P. 35(c)(3)(VII) is an independent and adequate ground to sustain a procedural default); *accord Lebere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013).

---

[1] The same is true for any allegation that the conduct underlying Applicant's convictions was protected by the First Amendment.

In any event, the application is subject to dismissal without prejudice. *See* § 2254(b)(A) (an application for writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in state court); *Lundy*, 455 U.S. at 510 (an application containing both exhausted and exhausted claims is a mixed petition, subject to dismissal without prejudice); *Rodriguez v. Dunbar*, 09-cv-02620-BNB, 2010 WL 452066, at *3 (D. Colo. Feb. 8, 2010) (dismissing mixed petition—containing an unexhausted clam and a defaulted claim—without prejudice); *see also Davis v. Sellers*, 940 F.3d 1175, 1191 (11th Cir. 2019) (a defaulted claim is "technically exhausted" because a state remedy is no longer available).

## IV.   Conclusion

Based on the reasons and authorities set forth above, Respondents assert that the exhaustion doctrine precludes habeas review and the application is subject to dismissal without prejudice.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Lisa K. Michaels*
LISA K. MICHAELS, 38949*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondents

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado  80203
Telephone:  (720) 508-6000
E-Mail:  lisa.michaels@coag.gov
*Counsel of Record