IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00425-STV

TINA M. PETERS,

      Applicant,

      v.

JOHN FEYEN, in his official capacity as Sheriff of Larimer County, Colorado, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

      Respondents.

**UNITED STATES' RESPONSE TO RESPONDENT'S MOTION TO STRIKE**

On March 3, 2025, the United States submitted a Statement of Interest in this matter pursuant to 28 U.S.C. § 517. ECF No. 16. That Statement addressed the "[r]easonable concerns" that Ms. Peters has raised regarding her case, including "the First Amendment implications of the trial court's October 2024 assertions relating to Ms. Peters" as well as whether the denial of bond pending appeal was "arbitrary or unreasonable under the Eighth and Fourteenth Amendments." *Id.* at 1-2. The United States submitted that the Court should grant "prompt and careful consideration" of Ms. Peters' Application. *Id.* at 2.

Thereafter, Respondent Attorney General Philip J. Weiser filed a "response" asking this Court to "reject" the United States' Statement of Interest, ECF No. 17, which this Court subsequently construed as a motion to strike, ECF No. 18. Rather than address the merits of Ms. Peters' Application or the concerns noted by the United States regarding whether Ms. Peters was denied bond pending appeal in violation of her constitutional rights, Respondent primarily chose

1

to baselessly assault the integrity of the Executive Branch while repeatedly referencing and denigrating Ms. Peters' purported political beliefs in a manner remarkably incongruent with the seriousness of a habeas proceeding. *See, e.g.*, ECF No. 17 at 3-4, 6. Respondent's only other argument as to why the Statement of Interest should be struck is Respondent's opinion that it is "unnecessary" "because the United States identifies no interest inadequately protected by the State of Colorado or related to the only question presented in the Application." *Id.* at 3, 6.

The Court should deny Respondent's highly unusual and plainly improper request for two principal reasons. First, the United States is permitted to file a Statement of Interest by statute whenever, in the opinion of the Attorney General, a case implicates the interests of the United States. The United States regularly files such statements, including in Colorado federal courts, and it does not require leave to do so, as courts around the country repeatedly have held. Second, by Respondent's own admission, important interests of the United States permeate this case, including whether the State of Colorado has violated Ms. Peters' rights under the First, Eighth, and Fourteenth Amendments. Respondent's politically charged response to the Statement of Interest does nothing to ameliorate those concerns. As a result, the Court should deny Respondent's motion to strike.

**ARGUMENT**

**A.** Congress has authorized the Attorney General to send "any officer of the Department of Justice … to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States," including by filing a Statement of Interest. 28 U.S.C. § 517. Under Section 517, the United States "does not require the Court's leave" to file a Statement of

Interest. *Karnoski v. Trump*, 2018 WL 4501484, at *2 (E.D. Mich. Sept. 20, 2018). And Section 517 imposes no restrictions on the content of a Statement of Interest filed by the United States. *See United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 833 n.6 (6th Cir. 2018) ("The legislative branch has created the scheme that gives the executive branch the ability to 'attend to the interests of the United States' … as it—not [the Court]—may choose."). In short, "[n]othing in the language of § 517 limits the United States' participation in any way," and contentions otherwise are "wholly without merit." *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 157-58 (D.D.C. 2002).

This statutory grant of authority to defend the interests of the United States is broad and not subject to judicial interference. "The United States *Executive* has the statutory authority, in *any* case in which it is interested, to file a statement of interest." *See Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 384 (3d Cir. 2006) (emphasis added). As the D.C. Circuit explained nearly nine decades ago in discussing the predecessor statute to Section 517, "[t]he law provides that the Attorney General" has "broad, general powers intended to safeguard the interests of the United States in any case, and in any court of the United States, whenever in [the Attorney General's] opinion those interests may be jeopardized," and "it is not the function of the trial court to supervise the Attorney General in the exercise of discretion thus vested in him." *Booth v. Fletcher*, 101 F.2d 676, 681-82 (D.C. Cir. 1938). As that same court reaffirmed with regard to Section 517, "neither the statute, nor any regulation, nor any administrative practice cabins this discretion or furnishes any standard by which to review the Attorney General's determinations in this area." *Falkowski v. EEOC*, 783 F.2d 252, 253 (D.C. Cir. 1986).

Consistent with long-held practice, the United States regularly files Statements of Interests

in cases to which it is not a party, including in federal courts in Colorado, when the Attorney General determines—in her discretion—that such a statement is warranted. *See, e.g.*, *Trujilo v. Amity Plaza, LLC*, 714 F. Supp. 3d 1302, 1307 (D. Colo. 2024); *A.V. ex rel. Hanson v. Douglas Cnty. Sch. Dist. RE-1*, 586 F. Supp. 3d 1053, 1061 (D. Colo. 2022). Because that "decision … is left to the Department," "Congress has not in any way circumscribed DOJ's discretion," and "the statute gives no guidance to the Courts regarding what is or is not in the interests of the United States," *Turner v. Schultz*, 187 F. Supp. 2d 1288, 1294 (D. Colo. 2002), "[c]ourts have interpreted 28 U.S.C. § 517 broadly and have generally denied motions to strike statements of interest," *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017). *See, e.g.*, *Alvey v. Gualtieri*, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016) (denying motion to strike United States' statement of interest because it provided the "valuable perspective" of the Department of Justice); *Ferrand v. Schedler*, 2012 WL 1247215, at *1-2 (E.D. La. Apr. 13, 2012) (denying motion to strike United States' statement of interest and noting that "the United States has broad discretion to attend to any interests of the United States").

Against this backdrop, it is unsurprising that Respondent cites only a single case in any federal jurisdiction in which a court declined to consider a Statement of Interest filed by the United States. *See LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018). But *Lange* is inapposite; there, the United States sought to file a Statement "two and one-half months after briefing was completed," *id.*, whereas Respondent in this case had not yet filed a response to Ms. Peters' pending Application when the United States filed its Statement of Interest, *see* ECF No. 13 (Minute Order) (extending time for Respondents to file pre-answer response to March 25, 2025). And even in *Lange*, the court "reviewed the statement" before determining that

4

"consideration of the statement would not alter the Court's decision." *Id.* at 704.

Respondent's remaining authorities equally support denying Respondent's request to strike. In *Continental Automotive Systems, Inc. v. Avanci*, the court "accept[ed] the Statement of Interest." 485 F. Supp. 3d 712, 724 (N.D. Tex. 2020). Likewise, in *U.S. ex rel. Calilung v. Ormat Industries*, the court "consider[ed] the United States' arguments" because Section 517 "provides sufficient authority for it to make such a filing." 2015 WL 1321029, at *6 n.9 (D. Nev. Mar. 24, 2015). And while the court in *Sea Hunt, Inc. v. Unidentified Vessel or Vessels* did not permit the Department of Justice "to represent Spain," that was precisely because the court found that, under Section 517, "the proper way for the United States to assert its interest is through an amicus brief or a statement of interest on its own behalf." 22 F. Supp. 2d 521, 526 (E.D. Va. 1998).

The Court should not deviate from this standard practice by attempting to police the interests of the United States as determined by the Attorney General, and it should instead deny Respondent's improper request to strike the United States' Statement of Interest.

**B.** Despite the broad authority conveyed by Section 517, Respondent suggests that the court should reject the Statement of Interest because the "United States identifies no interest inadequately protected by the State of Colorado." ECF No. 17 at 3. But the precise question presented in this matter is *whether* the State of Colorado has violated Ms. Peters' federal constitutional rights—and the United States undoubtedly has the highest interest in that issue receiving prompt and careful consideration by this Court. *See Farmer v. Litscher*, 303 F.3d 840, 844 (7th Cir. 2002) ("the federal government has a paramount interest" in the protection of constitutional rights).

In fact, Respondent acknowledges at least three interests that the United States has in this

matter: ensuring that underlying prosecutions (1) are brought to pursue actual justice or legitimate governmental objectives; (2) are not politically motivated; and (3) receive prompt and careful consideration. *See* ECF No. 17 at 4-6. Respondent does not dispute that these are important or legitimate interests of the United States—only that the government presumably maintains these interests in all actions. *See id.* But such a presumption is not a legal reason to strike the United States' Statement of Interest, *see Turner*, 187 F. Supp. 2d at 1294 (Section 517 grants "DOJ[] discretion to allocate its legal resources" as it determines is in "the interests of the United States"), particularly as those interests are especially salient here where the Department of Justice is reviewing cases across the nation—including this one—for abuses of the criminal justice process. *See* ECF No. 16 at 2 (citing *Attorney General Memorandum, Restoring the Integrity and Credibility of The Department of Justice* (February 5, 2025)).

In any event, as the United States explained, the federal interest in this case is particularly acute because Ms. Peters has raised "[r]easonable concerns" under the First, Eighth, and Fourteenth Amendments. ECF No. 16 at 12. In her Application, Ms. Peters challenges the denial of bond pending appeal because that denial was arbitrary (in violation of the Eighth Amendment and Fourteenth Amendment) and based on her purported political speech (in violation of the First Amendment). ECF No. 1 at 23. The United States plainly has an interest in ensuring that individuals are not imprisoned in violation of the Constitution, *Herrera v. Collins,* 506 U.S. 390, 400 (1991); *see Graham v. White*, 101 F.4th 1199, 1204 (10th Cir. 2024) ("Habeas relief is available for a violation of the federal constitution . . . ."), and that interest extends to the determination of bond pending appeal.

"[I]f a State makes provisions for bail pending appeal," as Colorado does, "it may not deny

it arbitrarily or unreasonably" consistent with the Eighth and Fourteenth Amendments. *Armengau v. Bradley*, 2018 WL 4008371, at *2 (6th Cir. Mar. 22, 2018); *Hoover v. Golder*, 2006 WL 1083601, at *2 (D. Colo. Apr. 24, 2006) (same); *Young v. Hubbard*, 673 F.2d 132, 134 (5th Cir. 1982) ("[T]he Eighth and Fourteenth Amendments require that [bail pending appeal] not be denied arbitrarily or unreasonably."); *Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978) ("[A]ppellant could not have been arbitrarily or unreasonably denied bail consistent with his constitutional rights."); *see* Colo. Const. art. II § 19(2.5). That is because an "arbitrary or capricious" determination of law is sufficient to constitute "a denial of due process." *Graham*, 101 F.4th at 1209.

Further, "First Amendment protections apply at sentencing," *United States v. DeChristoper*, 695 F.3d 1082, 1098 (10th Cir. 2012), and this principle "govern[s] the determination of bail status," *United States v. Lemon*, 723 F.2d 922, 938 & n.47 (D.C. Cir. 1983). Although some protected activity may be relevant to prove motive or intent in certain contexts, *see Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993), "the imposition of a sentence on the basis of a defendant's beliefs would violate the First Amendment's guarantees," *DeChristoper*, 695 F.3d at 1098 (cleaned up); *Lemon*, 723 F.2d at 938 & n.47 ("[A] court may not punish an individual by imposing a heavier sentence for the exercise of [F]irst [A]mendment rights."), because "a defendant's abstract beliefs, however obnoxious to most people, may not be taken into consideration by a sentencing judge," *Mitchell*, 508 U.S. at 485. *See also Dawson v. Delaware*, 503 U.S. 159, 165–66 (1992) ("abstract beliefs" of racist association were "totally without relevance to [defendant's] sentencing").

In practice, this means that in determining bond, "'mere advocacy' alone is insufficient for

a finding of dangerousness." *United States v. Chansley*, 525 F. Supp. 3d 151, 164 (D.D.C. 2021). "If the 'danger' [considered in determining bond] includes mere 'advocacy'" of a political viewpoint or even of "other law violations, [the bond determination] offends the constitutional guaranty of freedom of speech." *Leary v. United States*, 431 F.2d 85, 89 (5th Cir. 1970)). Put simply, courts may not base the denial of bond pending appeal on "revulsion arising out of [a defendant's] social or political views." *United States v. Brown*, 479 F.2d 1170, 1174 (2d Cir. 1973).

Here, Ms. Peters' has raised substantial concerns that call for this Court to grant prompt and careful consideration to whether the Colorado trial court arbitrarily denied her request for bond pending appeal based on her political beliefs and personal advocacy, and whether the Colorado Court of Appeals acted arbitrarily in summarily affirming that decision. Colorado courts must consider whether a person "pose[s] a danger to the safety of any person or the community" when evaluating bond pending appeal. Colo. Const. art. II § 19(2.5)(a)(b). The trial court, in denying bond, stated that "what makes Ms. Peters such a danger to our community" is that she "cannot help but lie." App. 99:18-24. According to the trial court, Ms. Peters used her "pulpit" to "preach lies," which "undermine[d] [the] democratic process" and "confidence in our election systems." *Id.* Suggesting Ms. Peters' speech was "worse" than "physical violence," the court continued that—if granted bond—Ms. Peters would continue to "damag[e]" the "public's trust in our institutions" through her speech. App. 100:4-14. As the trial court saw it, "prison is for folks … who are a danger," "whether it be *by the pen* or the sword *or the word of mouth*." App. 101:14-16 (emphasis added). The Court of Appeals affirmed in a single sentence that did not explain its ruling. App. 179.

8

The trial court's statements reasonably suggest that it may have imposed a sentence and denied Ms. Peters bond pending appeal based on her "mere advocacy"—that is, speech protected by the First Amendment.  Because "any" consideration of that protected First Amendment activity in denying beyond pending appeal constitutes a constitutional violation, *see Lemon*, 729 F.2d at 938 & n.47, and because such a determination as to dangerousness would necessarily be an arbitrary and unreasonable ruling inconsistent with due process, *see Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978), the record suggests the reasonable possibility that the decision of the trial court to deny Ms. Peters bond pending appeal is constitutionally invalid, *see Leary*, 431 F.2d at 89; *Graham*, 101 F.4th at 1209.  And the United States has no higher interest than ensuring those concerns are addressed in a timely and careful manner.

\*     \*     \*

This Court should deny Respondent's motion to strike the United States' Statement of Interest, and grant Ms. Peters' Application prompt and careful consideration.


Dated: March 25, 2025                            Respectfully submitted,

                                                                   YAAKOV M. ROTH
*Acting Assistant Attorney General*
Civil Division

ERIC J. HAMILTON
*Deputy Assistant Attorney General*

s/ *Abigail Stout*
ABIGAIL STOUT
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Telephone: (202) 514-2000  
Email: Abigail.Stout@usdoj.gov  
Attorney for the United States

## CERTIFICATE OF SERVICE

  I certify that on this 25th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                s/ *Abigail Stout*
                ABIGAIL STOUT
                U.S. Department of Justice
                Civil Division
                950 Pennsylvania Avenue, NW
                Washington, DC 20530
                Telephone: (202) 514-2000
                Email: Abigail.Stout@usdoj.gov
                Attorney for the United States