# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

JOHN FEYEN, in his official capacity as Sheriff of Larimer County, Colorado; and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

---

## REPLY IN SUPPORT OF MOTION TO STRIKE
## STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA

---

Pursuant to the Court's Order of March 12, 2025, ECF No. 18, Respondent Attorney General Philip J. Weiser respectfully submits this reply in support of his request that this Court reject the proposed Statement of Interest of the United States of America ("Statement"), ECF No. 16, and in support, more fully states:

### INTRODUCTION

The United States filed a Statement of Interest in this case that proffered *no* reasonable interest that the United States has in this matter, but instead—without a single supporting fact—promised a "review" by the Department of Justice as to whether the prosecution of Tina Peters was an "abuse[] of the criminal justice system . . . oriented more toward inflicting political pain than toward pursuing actual justice or legitimate governmental objectives." ECF No. 16. Given the patent impropriety and baselessness of such a threat, as well as the lack of any articulable interest of the United States in this habeas proceeding, Respondent asked this Court to reject the Statement of Interest. In its response, the United States makes no attempt whatsoever to provide

any justification for its threats to investigate the Peters prosecution, nor does it assert a single fact or make a single argument with respect to the propriety of her prosecution or sentence. Instead, it simply parrots arguments already advanced by Ms. Peters' counsel regarding her appeal bond.

While the United States has broad powers to file Statements of Interest, it had no basis to threaten to investigate Tina Peters' prosecutors and cannot articulate even the slimmest rationale why the *United States* has any interest in whether an individual state criminal defendant is entitled to an appeal bond (a bond that is virtually never granted to any criminal defendant in the state of Colorado). Other than simply acting as co-counsel to restate the arguments of Ms. Peters' counsel, it is unclear what the United States wants to do to vindicate its unidentified interests. In light of the United States' failure to identify any proper interest or to otherwise provide helpful information to the Court, Respondent reiterates its request that the Statement be stricken.

I. **The United States' Threat of Investigating the Peters Prosecutors Should Be Stricken.**

Respondent objected to the Statement of Interest because its primary purpose appeared to be to threaten investigation of the attorneys that prosecuted Ms. Peters. Those threats were baseless and improper, particularly in light of the heavy involvement of the United States Department of Justice and the United States Attorney's Office for the District of Colorado in the investigation of Peters' criminal conduct. The United States attorneys who signed the Statement of Interest that contained those threats have now withdrawn from this matter. (ECF Nos. 22, 23.) Substitute counsel, who signed the response filed by the United States, has not offered a single fact to support those threats and makes no effort to defend them. They should be stricken.

### II.   The United States Fails to Articulate Any Interest that Would Warrant Its Participation in this Case.

There is no doubt that the United States has broad discretion to file a Statement of Interest pursuant to 28 U.S.C. § 517, and it cites to a handful of cases reflecting the types of cases where it does so – *qui tam* actions,[1] cases in which a foreign nation is a party,[2] cases interpreting federal statutes that the United States enforces,[3] disputes over whether the United States has to provide legal representation to federal employees,[4] and cases where discovery is sought for use against the federal government.[5] The interest of the United States in such cases is apparent. But for the United States of America to file a Statement of Interest on behalf of a state criminal defendant in a habeas proceeding is unprecedented—it literally has no precedent. The United States does not cite—and Respondent cannot find—a single instance where this has ever happened.

Given the unprecedented nature of the United States' filing, one might expect the Department of Justice to have a thoroughly considered explanation of the specific interest that

---

[1] *United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822 (6th Cir. 2018).

[2] *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140 (D.D.C. 2002); *Gross v. German Found. Indus. Initiative*, 456 F.3d 363 (3d Cir. 2006).

[3] *Trujilo v. Amity Plaza, LLC*, 714 F. Supp. 3d 1302 (D. Colo. 2024) (Fair Housing Act); *A.V. ex rel. Hanson v. Douglas Cnty. Sch. Dist. RE-1*, 586 F. Supp. 3d 1053, 1061 (D. Colo. 2022) (Americans with Disabilities Act); *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017) (same); *Alvey v. Gualtieri*, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016) (same); *Ferrand v. Schedler*, 2012 WL 1247215, at *1-2 (E.D. La. Apr. 13, 2012) (National Voter Registration Act).

[4] *Falkowski v. EEOC*, 783 F.2d 252, 253 (D.C. Cir. 1986); *Turner v. Schultz*, 187 F. Supp. 2d 1288, 1294 (D. Colo. 2002).

[5] *Karnoski v. Trump*, 2018 WL 4501484 (E.D. Mich. Sept. 20, 2018) (granting United States leave to respond to a motion to compel production of documents from a third party for use in a case against the federal government).

the *United States* has in this matter. But it offers no more than the most abstract interest in the constitutional treatment of criminal defendants—an interest that would exist in virtually every state habeas proceeding—and a single citation to a memorandum from the United States Attorney General that concerns investigation of federal agencies—not of state prosecutors. (ECF No. 26 at 6, citing *Attorney General Memorandum, Restoring the Integrity and Credibility of the Department of Justice* (Feb. 5, 2025).) Nor do the United States' substantive arguments on behalf of Ms. Peters reveal any interest of the United States. Rather, the United States makes exactly the same arguments that Ms. Peters makes in her Application. It appears that the United States is simply interested in presenting extra briefing for Ms. Peters on issues on which she is already adequately represented. (*Id.* at 6-9.)

Finally, the Court should consider this unprecedented action by the United States in the broader context in which the Statement of Interest was made. Tina Peters was charged with crimes for her unlawful use of deceit to defraud state and local public servants in order to advance theories that President Trump won the 2020 election. But, because Peters committed state crimes, the President cannot pardon her. Instead, he has sent the Department of Justice to make filings in her habeas proceeding, while Republicans simultaneously pressure the Governor of Colorado to pardon Peters under the threat of the President withholding the State of Colorado's federal funding. *See, e.g.*, [9 News: Republicans Call for Pausing Federal Funds to Colorado Unless Governor Pardons Tina Peters](); [https://www.denverpost.com/2025/03/19/tina-peters-polis-clemency-end-persecution/](). Tina Peters was not prosecuted because of any political pressure; she was prosecuted because she broke the law.  And just as they did not prosecute her for political reasons, her prosecutors will not accede to any political

pressure to give her preferred treatment in sentencing or terms of confinement. She will be treated like every other criminal defendant, as justice requires.

Ultimately, whether or not this Court considers the extra briefing that the United States has provided for Ms. Peters is unlikely to have any material impact on this case. But the Attorney General of Colorado has grave concerns about normalizing what is egregious conduct. The Department of Justice filed an unprecedented Statement of Interest in a case in which it can articulate no interest of the people of the United States, all while delivering threats of investigating her prosecutors with no supporting facts. While the United States has broad authority to file a Statement of Interest, this Court has broad discretion on whether to accept it. *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 485 F. Supp. 3d 712, 724 (N.D. Tex. 2020); *LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018), *aff'd*, 954 F.3d 1018 (8th Cir. 2020). Here, where the United States appears to have used its Statement of Interest to wield political power that should have no role in this matter, Respondent urges the Court to reject it as not "useful," and certainly not "necessary to the administration of justice." *LSP*, 329 F. Supp. 3d at 703.

## CONCLUSION

For these reasons, Respondent Attorney General respectfully requests that this Court reject the United States' Statement of Interest.

Respectfully submitted,

*s/ Shannon Stevenson*
SHANNON STEVENSON
Solicitor General

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 9th Floor
Denver, Colorado  80203
Telephone: (720) 508-6000