## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-00425 STV

**TINA M. PETERS,** Applicant,

v.

**MOSES "ANDRE" STANCIL** in his official capacity as the Executive Director of the Colorado Department of Corrections, and **PHILIP J. WEISER**, in his official capacity as Attorney General of the State of Colorado, Respondents

---

### APPLICANT'S MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM TO APPEAR IN PERSON AT HEARING APRIL 22, 2025

---

Tina M. Peters, through counsel, moves this court to issue a Writ of Habeas Corpus Ad Testificandum directing the Respondents to produce the Applicant, who is in Respondents' custody, so that she may attend the hearing in this court on April 22, 2025, at 1:45 p.m.

**Certification:** The undersigned conferred with all counsel concerning this motion. The United States of America does not oppose this motion. Respondents oppose this motion.

In support of this Motion, Applicant shows the Court as follows:

1.  Effective April 3, 2025, Applicant is incarcerated at Denver Women's Correctional Facility located at 3600 Havana St. Denver CO 80239, telephone (303) 371-4804.  Because of Applicant's proximity to the courthouse, transporting her to court is not burdensome.

2.  It is within the Court's sound discretion whether to allow Applicant to attend in person.  *Smith v. Washington,* 2024 U.S. Dist. LEXIS 31593. Ms. Peters' presence is required to rebut factual assertions made by Respondents, as more fully described below.  See *United States v. Hayman,* 342 U.S. 205 (1952), holding that factual issues in a §2255 habeas proceeding could not be resolved without the presence of the prisoner.  Applying the criteria of *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir. 1977) to this case, Ms. Peters' presence will substantially affect resolution of the issue, there are no security risks in bringing her to court, and any cost is minimal because she is within nine miles of the courthouse.

3.  The purpose of the hearing on April 22, 2025, is to determine whether to grant Respondents' Motion to Strike the Statement of Interest filed by the United States of America.

4. Respondents claim in their Reply that "Tina Peters was not prosecuted because of any political pressure." (ECF 27 at 4).

5. Respondents claim in their Motion to Strike that Mesa County District Attorney Dan Rubinstein "did no more than fulfill his public duty" when he prosecuted Ms. Peters. (ECF 17 at 5).

6. Applicant's attendance at the hearing April 22, 2025, is necessary to rebut the foregoing factual claims by Respondents.  Ms. Peters can provide evidence that (1) she was prosecuted because of political pressure after she exposed illegal features of the voting system that had been leased by Dominion to Mesa County, and was wrongfully certified by the Secretary of State, and (2) District Attorney Dan Rubinstein prosecuted Ms. Peters on a false charge of contempt for the purpose of enhancing her sentence and denying her bond on appeal.  The Colorado Court of Appeals reversed the contempt conviction, but Ms. Peters remains in prison.

To summarize, Ms. Peters' presence at the hearing is necessary to rebut Respondents' factual claims in their Motion to Strike.  She is not a threat to public safety, and Respondents can easily transport her to court.  Ms. Peters respectfully

requests that the Court order the Respondents to produce her in this Court on April 22, 2025, at 1:45 p.m.

Respectfully Submitted April 4, 2025.

Patrick M. McSweeney                          *s/ John Case*
Robert J. Cynkar                              John Case
McSweeney, Cynkar & Kachouroff, PLLC          John Case, P.C.
3358 John Hill Tree Road                      6901 S. Pierce St. #340
Powhatan, VA 23139                            Littleton CO 80128
(804) 937-0895                                (303) 667-7407
patrick@mck-lawyers.com                       brief@johncaselaw.com


*Co-counsel for Applicant Tina M. Peters*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Linda Good*