# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-00425 STV

**TINA M. PETERS,** Applicant,

v.

**MOSES "ANDRE" STANCIL** in his official capacity as the Executive Director of the Colorado Department of Corrections, and **PHILIP J. WEISER**, in his official capacity as Attorney General of the State of Colorado, Respondents

---

### APPLICANT'S REPLY TO REPONDENTS' PRE-ANSWER RESPONSE

---

Respondents contend that the Applicant has not exhausted her remedy under Colorado law to challenge the denial of her Motion for Bond Pending Appeal ("Motion") and, for that reason, the Application for a Writ of Habeas Corpus should be dismissed. Applicant disputes their contention.

### First Amendment Violation

Applicant has shown that the denial of her Motion must be reversed because the denial was based, at least in part, on the exercise of her First Amendment right to express publicly her opinion on a matter of great public interest. ECF 1 at 9-17. Respondents argue that she has not exhausted her remedy to challenge the denial because she can raise that First Amendment claim in a direct appeal to the

Colorado Court of Appeals of her conviction and sentencing. ECF 25 at 8.  *A direct appeal, however, does not provide a remedy for the denial of her Motion, which seeks her immediate release.*  Even if she were to succeed ultimately in her direct appeal, that remedy could not grant her timely release from incarceration pending the outcome of the appeal.  She is likely to have served much more of her nine-year sentence before her appeal would be concluded.  It is nonsensical to contend that Ms. Peters has not exhausted her state-law remedy to challenge the denial of her Motion because she has not completed an appeal process that does not and cannot provide her with a remedy for the denial of her Motion and immediate release from incarceration pending appeal.  The two remedies serve fundamentally different purposes and have distinctly different consequences.

Ms. Peters has exhausted the remedy pursuant to C.R.S. §16-4-204 to challenge the violation of her First Amendment right by the denial of her Motion. Colorado Appellate Rule 51.1 addresses the very situation presented by Ms. Peters' First Amendment claim:

> (a) **Exhaustion of Remedies.** In all appeals from criminal convictions or post conviction relief matters from or after July 1, 1974, a litigant is not required petition for rehearing and certiorari following an adverse decision of the intermediate appellate court in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, the litigant will have exhausted all available when a claim has been presented to the intermediate appellate or the supreme court and relief has been denied, or when relief has been denied in the intermediate appellate court and the time for petitioning for certiorari review has expired.

It is well-established that a denial of bond pending appeal or other decision affecting punishment cannot be based on the movant's exercise of her or his First Amendment right of free expression. *United States v. Lemon,* 723 F.2d 922, 938-39 (D.C. Cir. 1983); *Leary v. United States,* 431 F.2d 85, 89 (5th Cir. 1970); *United States ex rel. Means v. Solem,* 440 F. Supp. 544, 548-51 (D.S.D. 1977). It is not necessary that Applicant establish that reliance on her protected speech was the *exclusive* basis for the determination to deny her Motion. The court cannot rely "to any extent" on protected speech for that determination. *United States v. Lemon,* at 938. It is apparent from the record that the Colorado courts assigned "substantial weight" to the content of Applicant's statements questioning the reliability of the Mesa County computerized voting system.

In denying Ms. Peters' Motion, the Mesa County District Court stated in part:

> So the damage that is caused and continue [sic] to be caused is just as bad, if not worse, than the physical violence that this court sees on an all too regular basis. And it's particularly damaging when those words come from someone who holds a position of influence like you. [ECF 2, 105:4-8]

The Colorado Court of Appeals provided no explanation for its denial of Applicant's Motion other than to state that it had considered the briefs of the parties. ECF 2 at 184. Absent an explanation for the denial by the Court of Appeals, this Court can conclude that the denial was based, at least in part, on the

reasoning of the Mesa County District Court because Applicant's protected speech was the principal focus of that court's decision. *See Lemon,* 723 F.2d at 929-30 (appellate court reconstructed court's reasoning in the absence of an explanation by that court).

Because a direct appeal of a conviction and sentencing does not provide an adequate remedy for a denial of bond pending appeal and an opportunity to secure her immediate release from incarceration pending appeal, the issue is whether Ms. Peters has exhausted the statutory remedy provided C.R.S.§16-4-204 to challenge the denial of her Motion. She has done so based on CAR 51.1.

## Supremacy Clause Immunity

Ms. Peters' Application also contends that she should be released because she is entitled to Supremacy Clause immunity that prohibits the State of Colorado from punishing her for actions taken in complying with an express federal statutory duty as an election official to preserve records of elections. 52 U.S.C. §§20701, 21081(a). Respondents contend that Supremacy Clause immunity cannot be considered in this proceeding because Ms. Peters has not exhausted her state court remedy to resolve that issue and failed to assert her federal immunity argument in her Motion submitted to the Mesa County District Court or the Colorado Court of

Appeals. ECF 25 at 6. Contrary to Respondents' contention, there is no remedy under Colorado law for Ms. Peters to exhaust.

Exhaustion of her Supremacy Clause immunity claim is not required because Colorado state courts lack jurisdiction to prosecute or punish her under the facts of this case. Without jurisdiction, the state courts have no remedy to provide. "The States have no power…to retard, impede, burden, or in any manner control [the execution of federal laws]." *McCulloch v. Maryland,* 17 U.S. 316, 436 (1819).

> The Supremacy Clause prohibits a state from punishing (1) a federal officer; (2) authorized by federal law to perform an act; (3) who, in performing the authorized act, did no more than what the officer subjectively believed was necessary and proper; and (4) that belief was objectively reasonable under the circumstances.

*Texas v. Kleinert,* 855 F.3d 305, 314-15 (5th Cir. 2017) (citing *Cunningham v. Neagle,* 135 U.S. 1, 75 (1890).[1]

The lack of state court jurisdiction in cases such as Ms. Peters' is well-established. *E.g., Wyoming v. Livingston,* 443 F.3d 1211, 1213 (10th Cir. 2006) ("[T]he supremacy of federal law precludes the use of prosecutorial power to frustrate the legitimate and reasonable exercise of federal authority."); *Kentucky v. Long,* 837 F.2d 727, 744 (6th Cir. 1988) ("Under *Neagle*; a state court has no

---

[1] The agent in *Kleinert* was a local police detective deputized as a federal agent. *Texas v. Kleinert,* 143 F.Supp. 3d 551, 555 (W.D. Tex. 2018).

jurisdiction…."); *Clifton v. Cox,* 549 F.2d 722, 730 (9th Cir. 1977) (state prosecution was a nullity; states have no power to determine the extent of federal authority); *Texas v. Kleinert,* 143 F.Supp.3d 551, 557 (W.D.Tex.2015), *aff'd,* 855 F.3d 305 (5th Cir. 2017) ("A state court is without jurisdiction to prosecute a federal officer if: (1) the federal officer was performing an act that he was authorized to do by federal law; and (2) in performing the authorized act, the federal officer did no more than was necessary and proper."). The denial of her Motion by the Colorado courts is a continuation of a process of punishing her without authority and in defiance of the Supremacy Clause and precedents of the U.S. Supreme Court. Because the Colorado courts are without jurisdiction to determine whether Ms. Peters is entitled to Supremacy Clause immunity, there is no state remedy for her to exhaust.

Unlike constitutional provisions that grant individual rights, such as those in the Bill of Rights, the Supremacy Clause was included for the primary purpose of protecting the interests of the national government. "The Supremacy Clause is the key element of the constitutional structure of governance in the United States and the balance of power between the national government and the States." *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 50 (1996). Given the nature and purpose of Supremacy Clause immunity, Ms. Peters is not obligated to exhaust state court

remedies because review by the Colorado courts would tend to frustrate the purpose of federal law. *See Carter v. Stanton,* 405 U.S. 669, 671 (1972).

If an individual is charged with the commission of a crime under state law while carrying out a duty imposed on her by federal law, the state criminal law is preempted by that federal law, which means that the individual cannot be prosecuted or punished under the state law. *Cunnigham v. Neagle* (*In re* Neagle), 135 U.S. 1, 75 (1890). In *Tennessee v. Davis,* 100 U.S. 257 (1889), the Court concluded that "if their [*i.e.,* individuals acting pursuant to federal law] protection must be left to the action of the State court,---the operations of the general government may at any time be arrested by one of its members." *Id.,* at 263.

An essential feature of Supremacy Clause immunity is the purpose it serves to protect the supremacy of the Constitution and laws of the United States as against the States.

> To leave to the several states the prosecution and punishment of conspiracies to oppress citizens of the United States, in performing the duty and exercising the right of assisting to uphold and enforce the laws of the United States, would tend to defeat the independence and the supremacy of the national government.

*In re Quarles,* 158 U.S. 532, 536-37 (1895). The language of the clause is unambiguous: "[T]he judges in every State shall be bound thereby..." Art. VI, cl. 2.

The principles of Supremacy Clause immunity were articulated in *Davis*:

> As was said in <u>Martin v. Hunter (1 Wheat. 363)</u>, "the general government must cease to exist whenever it loses the power of protecting itself in the exercise of its constitutional powers." It can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offence against the law of the State, yet warranted by the Federal authority they possess, and if the general government is powerless to interfere at once for their protection,—if their protection must be left to the action of the State court,—the operations of the general government may at any time be arrested at the will of one of its members.

100 U.S. at 263.

The Supreme Court has repeatedly held that Supremacy Clause immunity prohibits the States from punishing individuals for actions that were reasonably necessary for compliance with an express duty imposed by federal statutes. *Johnson v. Maryland,* 254 U.S. 51, 56-57 (1899) ("[E]ven the most unquestionable and most universally applicable of state laws, such as those concerning murder, will not be allowed to control the conduct of a marshal of the United States acting under and in pursuance of the laws of the United States."); *Ohio v. Thomas,* 173 U.S. 276, 283 (1899) (Individuals "discharging duties under federal authority pursuant to and by virtue of valid federal laws, are not subject to arrest or other liability under the laws of the state in which their duties are performed."); *Cunningham v. Neagle,* 135 U.S. 1, 75 (1890) ("An individual acting pursuant to federal law "cannot be guilty of a crime under…[state] law.").

Supremacy Clause immunity serves to avoid requiring individuals acting to comply with a federal duty from having to "run the gauntlet" of state court proceedings to establish their entitlement to such immunity. *New York v. Tanella,* 374 F.3d 141, 147 (2d Cir. 2014). Ms. Peters must not be compelled to continue running the gauntlet of state proceedings.

Although Ms. Peters can assert Supremacy Clause immunity, she has no authority to waive it. *See Seminole Tribe,* 517 U.S. at 59;. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994).[2] The assertion that a state court lacks jurisdiction to prosecute or punish an individual acting pursuant to a federal duty can be raised at any stage of litigation. *See, e, g., Fay v. Noia,* 372 U.S. 391, 423 (1963) (void judgments may be challenged collaterally).

The Tenth Circuit in *Livingston* concluded that a petition for a writ of habeas corpus is appropriate as a post-conviction recourse to assert a Supremacy Clause immunity claim if a ruling on that issue had not been secured before conviction. 443 F.3d at 1219. That is the recourse that Ms. Peters' Application is pursuing here.

---

[2] In *Wyoming v. Livingston,* 443 F.3d 1211, 1216 (10th Cir. 2006), the court held that *the State* waived its argument that Livingston was not entitled to Supremacy Clause immunity because he was not a federal agent. That holding cannot be construed to mean that a claim or defense of Supremacy Clause immunity can be waived *by an individual who complied with a federal duty*.

## Conclusion

This Court should grant Ms. Peters' Application for a writ of habeas corpus and order that she be released immediately.

Respectfully Submitted April 15, 2025.

*s/Patrick M. McSweeney*
Patrick M. McSweeney
Robert J. Cynkar
McSweeney, Cynkar & Kachouroff, PLLC
3358 John Hill Tree Road
Powhatan, VA 23139
(804) 937-0895
patrick@mck-lawyers.com

*s/ John Case*
John Case
John Case, P.C.
6901 S. Pierce St. #340
Littleton CO 80128
(303) 667-7407
brief@johncaselaw.com

*Co-counsel for Applicant Tina M. Peters*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Linda Good*