IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

---

**SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO STRIKE STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA**

---

Pursuant to the Court's Order at the motions hearing on April 22, 2025, ECF No. 41, Respondent Attorney General Philip J. Weiser respectfully submits this supplemental briefing in support of his request that this Court strike the proposed Statement of Interest of the United States of America ("Statement of Interest"), ECF No. 16, and in support, more fully states:

**INTRODUCTION**

Respondent Attorney General previously requested that this Court strike the Statement of Interest as inflammatory and unhelpful because it not only fails to articulate any appropriate interest of which this Court is not already aware, it suggests that the state prosecutors in Applicant's criminal case "abuse[d] the criminal justice system [to] inflict political pain [instead] of pursuing actual justice or legitimate governmental objectives." ECF No. 16. This Court ordered that the parties and the United States may file supplemental briefing on the question of whether a magistrate judge may rule on the motion to strike without consent by the parties.

Respondent Attorney General requests that this Court rule on the motion under its authority to rule on nondispositive matters without consent by the parties.

## ANALYSIS

At a minimum, Respondent Attorney General asks that this Court strike the inflammatory language suggesting that the state prosecutors "abuse[d] the criminal justice process [to] inflict[] political pain" from the Statement of Interest. Striking some of the language instead of the entire filing would undoubtedly be a nondispositive ruling because the Statement of Interest would still be a part of the case. However, this Court has the authority to strike the Statement of Interest in its entirety, and Respondent Attorney General requests that this Court do so, because the Statement of Interest is unhelpful and sets a troubling precedent.

Magistrate judges have authority to rule on nondispositive matters without consent of the parties. 28 U.S.C. § 636; D.C.COLO.LCivR 72.1(c)(1). Fed. R. Civ. P. 72(a) defines a nondispositive matter as "a pretrial matter not dispositive of a party's claim or defense." "Dispositive motions include motions to amend, to dismiss, for transfer or for change of venue, to remand, for summary judgment, and for partial summary judgment," as well as motions for injunctive relief, judgment on the pleadings, to suppress evidence in a criminal case, and to permit maintenance of a class action. 28 U.S.C. § 636; D.C.COLO.LCivR 72.3.

Motions to strike are typically held to be nondispositive unless they seek to strike an entire claim or defense. *Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 561-62 (S.D. Ohio 2020); *see also Johnson v. Cherian*, 48 Fed. Appx. 481 (5th Cir. 2002) (characterizing a motion to strike an affidavit as nondispositive); *Dedmon v. Cont'l Airlines, Inc.*, 13-CV-0005-WJM-NYW, 2015 WL 4639737, at *1 (D. Colo. Aug. 5, 2015) (motion to strike supplemental disclosures referred to magistrate judge as nondispositive matter pursuant to 28 U.S.C.

§ 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a)); *Arason Enterprises, Inc. v. CabinetBed Inc.*, 16-CV-03001-PAB-NRN, 2019 WL 7049989, at *6 (D. Colo. Dec. 23, 2019) (motion to strike infringement contentions is nondispositive motion properly before magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72); *Davis v. E. Baton Rouge Par. Prison*, CV 17-795-BAJ-SDJ, 2021 WL 3729963, at *1 (M.D. La. Aug. 23, 2021) ("A motion to strike is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)."). Such motions have been characterized as "an administrative vehicle for clean[ing] up the proceedings." *Merrell v. 1st Lake Properties, Inc.*, 717 F. Supp. 3d 512, 521 (E.D. La. 2024). Conversely, when granting a motion to strike will have the effect of dismissal of a claim or action, it is instead a dispositive motion. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).

Here, as this Court has recognized, the motion to strike "does not go to the merits of the Petition." ECF No. 38. Rather, it is a "somewhat tangential issue." Tr. 4/22/25, at 2:20-21. The United States' alleged interests—even if they provided relevant information or were not attendant to every other matter before this Court—are not claims. And striking the statement of interest will not dispose of the actual claim (that Applicant was improperly denied an appeal bond in her state criminal case) or the defense asserted by Respondents (that the exhaustion doctrine bars review of Applicant's claim). Because it does not involve striking either Applicant's claim or Respondents' defense, the motion to strike is a nondispositive motion. *Ocelot Oil Corp.*, 847 F.2d at 1462; *Oppenheimer*, 336 F.R.D. at 561-62. Therefore, this Court has the authority to rule on it without consent of the parties.

Significantly, the United States' consent would not be required in any event because the United States is not a party. Indeed, a proposed intervenor in a case is not a party. *People Who*

3

*Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 171 F.3d 1083, 1089 (7th Cir. 1999). Likewise, the Statement of Interest does not confer the United States with party-status in this matter, nor does it provide the United States with a right to intervene in the case. *Sea Hunt, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 22 F. Supp. 2d 521, 525-26 (E.D.Va.1998). In fact, to intervene in this matter, the United States' interest would have to be substantial and not adequately represented by the existing parties, and the United States would be required to show an impairment of its ability to protect the interest. *See e.g.*, *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001); *Zeeb Holdings, LLC v. Johnson*, 338 F.R.D. 373 (N.D. Ohio 2021). Furthermore, motions to intervene have been characterized as nondispositive by the courts in this district. *See, e.g.*, *Turner v. Efinancial, LLC*, 18-CV-292-CMA-GPG, 2018 WL 4219388, at *1 (D. Colo. Sept. 5, 2018); *Drywave Techs. USA, Inc. v. Massage Int'l, Ltd.*, 16-CV-01775-MSK-NYW, 2017 WL 2672108, at *1 (D. Colo. June 20, 2017).[1] Accordingly, the statement of interest—which does not cause the United States to become a party even if it is not stricken—must also be nondispositive.

Additionally, as this Court pointed out during the motions hearing, the merits of the case will either be decided by a district court judge, or by a magistrate judge with consent jurisdiction. Tr. 4/22/25, at 13-14; D.COLO.LCivR 8.1(c) and 40.1. This is so regardless of the whether or not this Court rules on the motion to strike at this stage of the proceedings. In other words, the motion to strike will have no effect on the course of the proceedings or the merits of the case. As

---

[1] The Tenth Circuit has not considered the question, and the small number of other circuit courts that have considered the issue are split. *See Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 474 (7th Cir. 2017) (nondispositive); *Yorkshire v. U.S. I.R.S.*, 26 F.3d 942, 944 n.3 (9th Cir. 1994) (nondispositive); *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1322 (11th Cir. 2013) (dispositive); *N. Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993) (dispositive)..

such, the motion to strike is properly characterized as nondispositive. *See Ocelot Oil Corp.*, 847 F.2d at 1462 (the effect of the motion determines whether it is nondispositive); *see also Creedle v. Gimenez*, 17-22477-CIV, 2017 WL 5159602, at *3 (S.D. Fla. Nov. 7, 2017) (magistrate judge ruled on motion to strike; although motion was denied, it would be in the purview of the district judge whether to consider the statement of interest in the ultimate resolution of the matter). Given this posture, this Court could opt to include in its ruling a request for the judicial officer who rules on the merits of the case to treat the ruling as a recommended disposition of the motion to strike in the event the judicial officer disagrees that a magistrate judge has the authority to rule on the motion without consent of the parties. *See, e.g.*, *Oppenheimer*, 336 F.R.D. at 562 (recognizing and utilizing this approach).

Respondent Attorney General requests that this Court strike the Statement of Interest in its entirety under its authority to rule on nondispositive matters without party consent because the United States is unable to articulate an interest that is helpful to the determination of the Applicant's claim or Respondents' defense and because allowing the United States to essentially act as additional counsel for Applicant because she has publicly promoted the President's unsubstantiated allegations about the 2020 election sets a precedent that has no place in a court of law. *See United States ex rel. Kuriyan v. HCSC Ins. Servs. Co.*, CV 16-1148, 2021 WL 5238332, at *1 (D.N.M. Jan. 29, 2021) (striking statement of interest because it merely advances Defendants' arguments); *cf. U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (striking statement of interest as untimely).

**CONCLUSION**

Based on the reasons and authorities set forth above, Respondent Attorney General respectfully requests that this Court strike the United States' Statement of Interest under its authority to rule without consent of the parties on nondispositive motions.

Respectfully submitted,

*/s/ Shannon Stevenson*
SHANNON STEVENSON
Solicitor General

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 9th Floor
Denver, Colorado 80203
Telephone: (720) 508-600