IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00425 STV

TINA M. PETERS,
    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity
    as Executive Director of the Colorado Department of Corrections,
        Respondent,

and

PHILIP J. WEISER, in his official capacity
    as Attorney General of the State of Colorado,
        Additional Respondent.

## SUPPLEMENTAL BRIEFING

On April 22, 2025, this Court held a hearing on what the Court construed as Respondent's motion to strike the United States's Statement of Interest. At the hearing, the Court asked whether it had authority to rule on the motion without the consent of the parties and ordered supplemental briefing on that issue within seven days. The United States respectfully submits this supplemental brief in response.

Generally, "magistrates may hear and determine any pretrial matters pending before the court, save for eight excepted motions," which are referred to as "dispositive" motions. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)). "Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law' standard of review." *Id.* at 1461–62 (quoting 28 U.S.C. § 636(b)(1)(A)). Outside of the eight statutorily listed dispositive motions, courts

1

engage in a "functional analysis" to determine whether a motion is either dispositive or non-dispositive. Wright & Miller, Fed. Prac. & Proc. § 3068.2 (3d ed.); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995).

In the Tenth Circuit, courts have looked to the *res judicata* effect of the magistrate's order to determine whether a motion is dispositive. For example, in *Ocelot Oil Corporation v. Sparrow Industries*, the court concluded that a magistrate judge's order striking a plaintiff's pleading as a discovery sanction was dispositive because it functioned as an involuntary dismissal of plaintiff's claims and "operates as res judicata." 847 F.2d at 1461–63. Even though discovery is a pretrial matter, the Court concluded that because the ordered sanction constituted involuntary dismissal of plaintiff's pleading and meant that the plaintiff "c[ould] no longer sue" the defendant, the order was beyond the power of the magistrate judge. *Id.*

By contrast, Colorado district courts have concluded that motions to intervene are not dispositive because, in addition to not being listed as one of the eight statutory dispositive motions, denying such a motion typically does not have a res judicata effect on the movant's future claims. *See, e.g.*, *Pub. Serv. Co. of Colorado v. Bd. of Cnty. Com'r of San Miguel Cnty.*, No. 04-CV-01828 REB CBS, 2005 WL 2293650, at *3 (D. Colo. Sept. 19, 2005); *Shell v. Henderson*, No. 09-CV-00309-MSK-KMT, 2010 WL 2802651, at *1 n.1 (D. Colo. July 15, 2010); *Maynard v. Colorado Supreme Ct. Off. of Att'y Regul. Couns.*, No. 09-CV-02052-WYD-KMT, 2010 WL 2775569, at *1 n.1 (D. Colo. July 14, 2010); *PDC Energy, Inc. v. DCP Midstream, LP*, No. 14–cv–01033–RM–MJW, 2014 WL 2892415, at *1 n.1 (D. Colo. June 26, 2014); *Ctr. for Biological Diversity v. Jewell*, No. 16-CV-01932-MSK-STV, 2017 WL 4334069, at *5 n.3 (D. Colo. Mar. 24, 2017) ("A magistrate judge may hear and decide a motion to intervene as a non-dispositive, pretrial motion.").

As discussed in the Government's Response to Respondent's Motion to Strike, Respondent cites only one case in which a court has declined to consider a Statement of Interest filed by the United States, *see* ECF No. 26 at 2–5, and the Government has not found caselaw that addresses a magistrate judge's statutory authority to decide a motion to strike a Statement of Interest. Although motions to intervene and Statements of Interest by the United States are distinct and serve different purposes with different effects,[1] the caselaw addressing the former may be persuasive to the latter, as both seek to assert the interest of the movant or filer. *Cf. Lomax v. Starbucks Corp.*, No. 1:23-cv-01426, 2024 WL 554068, at *1 & n.2 (D. Colo. Feb. 12, 2024) (concluding that a motion for leave to appear as an amicus curiae was a non-dispositive motion). On the other hand, striking a Statement of Interest *in toto* would be a dispositive order as to the interests of the United States in this matter. *See Gomez*, 50 F.3d at 1519–20 ("[T]he penalty to be imposed, rather than the penalty sought by the movant, controls the scope of the magistrate's authority."). Unlike the denial of a motion to intervene—which does not change the movant's status quo—striking a Statement of Interest would end the mechanism by which the United States asserted its interests in this matter, *cf. Pub. Serv. C. of Colorado*, 2005 WL 2293650, at *3 (concluding that motion to intervene is a non-dispositive motion because "denying" the motion would not affect the proposed intervenors "future claims" or interests), suggesting such an order is functionally dispositive.

---

[1] While motions to intervene are governed by Federal Rule of Civil Procedure 24, Statements of Interest by the United States are governed by statute, 28 U.S.C. § 517. And whereas granting a motion to intervene results in the movant becoming a party to the proceeding, the United States is not required to file a motion for leave to file a Statement of Interest, and the filing of a Statement of Interest does not make the United States a party to the litigation. *See Flatow v. Islamic Republic of Iran*, 305 F.3d 1249, 1252–53 (D.C. Cir. 2002).

Dated: April 29, 2025

Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*
Civil Division

ERIC J. HAMILTON
*Deputy Assistant Attorney General*

s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

      I certify that on this 29 day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov
Attorney for the United States