IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-00425 STV

**TINA M. PETERS,** Applicant,

       v.

**MOSES "ANDRE" STANCIL** in his official capacity as the Executive Director of the Colorado Department of Corrections, and **PHILIP J. WEISER**, in his official capacity as Attorney General of the State of Colorado, Respondents

_____

**APPLICANT'S SUPPLEMENTAL BRIEF CONCERNING JURISDICTION OF MAGISTRATE JUDGE TO GRANT MOTION TO STRIKE STATEMENT OF INTEREST OF UNITED STATES**

_____

At the conclusion of the hearing April 22, 2025, Magistrate Judge Varholak invited supplemental briefing on the issue of whether the Magistrate Judge had jurisdiction to grant Respondents' Motion to Strike (Tr. at 28-29), absent unanimous consent of the parties. For the reasons set forth below, Applicant Tina Peters believes that Magistrate Judge Varholak lacks jurisdiction to grant Respondents' Motion to Strike the Statement of Interest of the United States of America.

1

1. If the Magistrate Judge grants the motion to strike, the order would be dispositive as to the interest of the United States of America, and therefore requires unanimous consent of the parties. If the Court denies the motion to strike, the order is non-dispositive, and does not require consent. Because all parties have not consented to the jurisdiction of the Magistrate Judge to grant the motion to strike, the motion cannot be granted and should be dismissed.

2. The executive branch and the courts have separate powers under the constitution. The province of the courts is "to say what the law is." *Marbury v. Madison,* 5 U.S. 137, 177 (1803). Courts may not intrude into how the president and executive officers perform duties in which they have discretion:

> The province of the court is, solely, to decide on the rights of individuals, not to enquire how the executive, or executive officers, perform duties in which they have a discretion. Questions, in their nature political, or which are, by the constitution and laws, submitted to the executive, can never be made in this court.

*Id.* at 170.

3. 28 USC § 517 authorizes the Atty. Gen. of the United States to express the interest of the executive branch of the United States government in any judicial proceeding. This is a matter entrusted by Congress to the discretion of the

executive branch. While a court may address any legal arguments made by the United States that are relevant to the case before it, the court has no authority to "strike" the filing made by the United States, because to do so would intrude upon the discretion of the executive branch. This is especially true in this case, where the United States has expressed interest in the constitutional rights of its citizens under the First and Eighth Amendments.

WHEREFORE, Applicant prays that the Court dismiss the Respondents' Motion to Strike.

Respectfully Submitted April 29, 2025.

| | |
|---|---|
| Patrick M. McSweeney | *s/ John Case* |
| Robert J. Cynkar | John Case |
| McSweeney, Cynkar & Kachouroff, PLLC | John Case, P.C. |
| 3358 John Hill Tree Road | 6901 S. Pierce St. #340 |
| Powhatan, VA 23139 | Littleton CO 80128 |
| (804) 937-0895 | (303) 667-7407 |
| patrick@mck-lawyers.com | brief@johncaselaw.com |

*Co-counsel for Applicant Tina M. Peters*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Linda Good*