IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Petitioner,

v.

MOSES "ANDRE" STANCIL, in his official capacity as the Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

---

## ORDER TO SHOW CAUSE

---

Petitioner Tina M. Peters is a convicted and sentenced state prisoner in the custody of the Colorado Department of Corrections ("CDOC"). She initiated this action through counsel on February 7, 2025, by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (ECF No. 1). On February 11, 2025, the Court directed Respondents to file a pre-answer response addressing the potential applicability of the affirmative defenses of timeliness and exhaustion of state court remedies. (*See* ECF No. 5). Respondents filed a pre-answer response, contending that Ms. Peters' claims were improperly exhausted in state court. (ECF No. 25). Ms. Peters has filed a reply, arguing for the rejection of the exhaustion defense and seeking to have Respondents answer the merits of her petition. (ECF No. 34). For the reasons

1

discussed below, the Court will order Ms. Peters to show cause why the Application should not be dismissed as a "mixed petition."

## BACKGROUND

A jury found Ms. Peters, the former Clerk and Recorder of Mesa County, Colorado, guilty of attempting to influence a public servant, conspiracy to commit criminal impersonation, first-degree official misconduct, violation of duty, and failure to comply with requirements of the Colorado Secretary of State in Mesa County District Court case number 2022CR371. (ECF No. 2 at 113-14). On October 3, 2024, the trial court sentenced Ms. Peters to 8.5 years imprisonment, to be served consecutively to a 6-month jail sentence. (*Id.*).

Following the imposition of sentence, Ms. Peters filed a "Motion for Bond Pending Appeal" in the trial court. (*Id.* at 118-122). In support of her motion, Ms. Peters argued that: (1) her appeal has merit due to numerous errors committed by the trial court; (2) she is "unlikely to flee" and does not pose a danger to the community; and (3) the factors set forth in Colo. Rev. Stat. §16-4-202 weigh in favor of her release on bond. (*Id.*). The trial court denied the motion. (*Id.* at 102-105).

Ms. Peters then filed a notice of appeal and a motion for bond pending appeal in the Colorado Court of Appeals ("CCA"). (*Id.* at 170, 185). In the motion for bond, Ms. Peters argued that the trial court erred in finding Ms. Peters' "statements made her a danger to the community." (*Id.* at 200). In particular, Ms. Peters contended the trial court "abused its discretion" when it determined that Ms. Peters "lied about the risk of

2

computer manipulation in elections conducted by Mesa County, that this lie was somehow dangerous, and that [Ms. Peters] posed a danger to the community because she was likely to continue expressing that view." (*Id.* at 202) (internal quotations omitted). Finally, Ms. Peters argued she is not a flight risk and her appeal is not frivolous. On December 6, 2024, the CCA denied the motion for bond. (*Id.* at 184). Ms. Peters' direct appeal of her judgment of convictions is currently pending in the CCA.

In her § 2254 Application, Ms. Peters does not challenge the judgment of convictions. Rather, she "challenges the refusal of the Colorado Court of Appeals and the District Court of Mesa County to grant her bail pending appellate review of [her convictions.]" (ECF No. 1 at 2). The Application asserts three claims for relief:

(1) a First Amendment violation;

(2) a due process violation based on the trial court's: (a) failure to "consider the federal election-records preservation statutes;" (b) allow the introduction of evidence of a "security breach;" and (c) failure to conduct a hearing into whether a juror was biased against Ms. Peters; and

(3) the denial of Ms. Peters' right to "immunity from state prosecution" under the Supremacy Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. (ECF No. 1 at 11-26).

As relief, Ms. Peters requests immediate release from custody on bond. (*Id.* at 26).

## DISCUSSION

### I.  *Legal Standards*

A writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or

3

effective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation in Colorado requires that the federal issue be presented properly to the Colorado Court of Appeals, but review by the Colorado Supreme Court is not necessary. *Ellis v. Raemisch*, 872 F.3d 1064, 1082 (10th Cir. 2017) (holding that Colo. App. R. 51.1(a) only requires a habeas petitioner to fairly present a claim to the Colorado Court of Appeals to have exhausted all available state remedies).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted for federal habeas purposes. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"[T]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal

habeas corpus action bears the burden of showing exhaustion of all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies have been properly exhausted as to one or more of the claims presented, a federal habeas corpus application is subject to dismissal as a "mixed petition" unless state-court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Additionally, under the procedural default doctrine, a claim which a petitioner presented in state court cannot be reviewed on the merits in a federal habeas action if it was precluded from review in the state court under an "independent and adequate state ground." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Similarly, a habeas claim which was not previously presented in state court, but would be precluded from state court review based on an independent and adequate state ground now if the petitioner returned to state court to present it, is subject to an "anticipatory procedural bar," and is precluded from federal habeas review. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman*, 501 U.S. at 735 n.1 (noting that, even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim is still subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule).[1]

---

[1] Because a federal habeas petitioner is required to exhaust only those state court "remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982), "[a]

In the pre-answer response, Respondents do not assert untimeliness but argue that Ms. Peters' three claims asserted in the § 2254 application have not been properly exhausted. (*See* ECF No. 25). The Court agrees as to Claims 2 and 3.

## II.    Claims 2 and 3

In Claims 2 and 3, Ms. Peters alleges that she was denied due process under the Fourteenth Amendment (Claim 2) and that she was denied the right to immunity under the Supremacy Cause and Privileges and Immunities Clause (Claim 3). (*See* ECF No. 1).

A review of the state court records attached to the Application indicate that these claims were not fairly presented in Ms. Peters' Motion for Bond Pending Appeal filed in the CCA. Rather, Ms. Peters stated that she will raise these matters "on the merits" as part of her direct appeal of her convictions (which is pending in the CCA), but will just "preview them" in her motion for bond. (*See* ECF No. 2 at 187-218). She further presented these arguments to the CCA as alleged errors of the state rules of evidence and violations of Colorado law—no specific reference was made to the United States Constitution. (*See id.*). Thus, as it relates to Claims 2 and 3, Ms. Peters did not fairly present the evidentiary issues and the trial court's allegedly erroneous conclusion that

---

habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him," *Coleman*, 501 U.S. at 732.

she was not entitled to federal immunity as federal constitutional claims. *See Duncan*, 513 U.S. at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, Ms. Peters has indicated that she intends to challenge her convictions on direct appeal on the same basis that she challenges the denial of bond pending appeal. (ECF No. 2 at 177-79). In the Notice of Appeal, Ms. Peters lists the following issues to be raised on direct appeal that are the same or substantially similar to the claims she asserts in the pending § 2254 Application: (1) that "[t]he district court unlawfully exercised jurisdiction to adjudicate Ms. Peters' claim of immunity under the Supremacy Clause and Privileges or Immunities Clause"; (2) that "[t]he district court erred in determining that Ms. Peters did not qualify for immunity under the Supremacy Clause and Privileges or Immunities Clause"; (3) that "[t]he district court erred by preventing Ms. Peters from raising her claim to immunity under the Supremacy Clause and Privileges or Immunities Clause as an affirmative defense"; and (4) that "[t]he district court deprived Ms. Peters of due process by excluding all evidence of what Ms. Peters understood to be her federal duty to preserve election records and so did not have the *mens rea* necessary to establish the criminal charges against her." (*Id.*) When "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has

been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (noting that a habeas corpus petition in federal court challenging a state conviction is premature while a direct appeal is pending in state court). The reason for this rule is that "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." *Id.* s*ee also Brown v. Wilmot*, 572 F.2d at 404, 406 (2d Cir. 1978) (finding that petitioner had failed to exhaust state remedies because "it is likely that a state habeas corpus application would be available" for review of his challenge to the denial of his right to bail pending appeal).

Therefore, Claims 2 and 3 appear to be unexhausted and not procedurally defaulted since Ms. Peters continues to have a state remedy.

### III.     Claim 1

As to Claim 1—that the denial of Ms. Peters' Motion for Bond Pending Appeal violated her First Amendment right to free speech—the Court finds that Ms. Peters fairly presented this claim to the CCA in her Motion for Bond Pending Appeal. Indeed, Respondents seem to agree stating that Ms. Peters' "motion in the CCA contained numerous references to the First Amendment and various arguments about how her First Amendment rights were violated." (ECF No. 25 at 6). Rather, Respondents argue that Ms. Peters' First Amendment claim is unexhausted because it is "inextricably

linked" to her "illegal sentence" claim raised in her direct appeal. (*Id.* at 7-8). While it is true that Claim 1 is based on statements the trial court made to Ms. Peters at the sentencing hearing, the Court cannot say with certainty that she will raise this exact same First Amendment argument on direct appeal. Indeed, the Notice of Appeal simply indicates that she plans to appeal her allegedly "illegal sentence" without any mention of the First Amendment. (*See* ECF No. 2 at 179). Accordingly, based on the record before it, the Court rejects Respondents' argument and finds Claim 1 is exhausted.

Thus, the Application contains both unexhausted and exhausted claims, which renders it a "mixed petition."

### IV.     Mixed Petition

Under *Rose v. Lundy*, this Court may not adjudicate an application containing both exhausted and unexhausted claims. Thus, Ms. Peters will be ordered to show cause why the application should not be denied as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133.

To avoid dismissal of the entire action as a mixed petition, Ms. Peters may elect to dismiss the unexhausted claims—Claims 2 and 3—and pursue in this action the technically exhausted claim—Claim 1. *Harris*, 48 F.3d at 1133 (stating that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claims"). However, Ms. Peters is advised that the Court will not reach the merits of any federal claims that are subject to dismissal as procedurally defaulted. She is further advised that a decision to dismiss the

unexhausted claims and pursue immediately the technically exhausted claim likely will bar her from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b)(2).

Alternatively, if Ms. Peters wishes to pursue all her claims in federal court in a single habeas corpus action at a later time, the instant action will be dismissed without prejudice as a mixed petition, and Ms. Peters will be required to file a new application for a writ of habeas corpus after she exhausts state remedies for the unexhausted claims. However, if Ms. Peters pursues this alternative, she is advised that the one-year limitation period in 28 U.S.C. § 2244(d) applies to any new habeas corpus action she files without regard to the instant action. The fact that this action is timely does not mean a future habeas corpus action filed by Ms. Peters will be timely. Furthermore, the time that this action has been pending will not toll the one-year limitation period with respect to any new habeas corpus action Ms. Peters may file. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Ms. Peters' final option is to request a stay of this action while she attempts to exhaust the unexhausted claims in state court. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a federal habeas court has discretion to stay a § 2254 action involving a "mixed petition"—a petition presenting both exhausted and unexhausted claims—to allow the petitioner an opportunity to exhaust all claims without risking expiration of the one-year statute of limitation period set forth in 28 U.S.C. § 2244(d)(1). *See id.* at 275-76. However, because staying a federal habeas application frustrates the objective of

encouraging finality by allowing the petitioner to delay resolution of the federal proceedings, and undermines the goal of streamlining federal habeas proceedings by decreasing the petitioner's incentive to exhaust all her claims in state court prior to filing her federal petition, "stay and abeyance should be available only in [the following] limited circumstances": (1) the petitioner has good cause for her failure to exhaust her claims in state court before seeking federal habeas relief; (2) the unexhausted claims are not "plainly meritless"; and, (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78. Thus, Ms. Peters must establish, among other things, good cause for her failure to exhaust state remedies prior to filing this action.

Finally, given the posture of this case and the fact that it remains under initial review pursuant to D.C.COLO.LCivR 8.1(b), the motion to strike (ECF No. 17) and the Motion to File Amicus Brief (ECF No. 45) are **denied** as premature as they appear to pertain to the merits of this case. These motions may be refiled once the initial review is completed and only if the case is drawn to a district judge and/or a magistrate judge under D.C.COLO.LCivR 8.1(c).

## CONCLUSION

Accordingly, it is

ORDERED that Ms. Peters show cause in writing, within **thirty (30) days from the date of this Order,** why the Application should not be denied as a mixed petition and dismissed without prejudice. It is

FURTHER ORDERED that the Application will be denied as a mixed petition and the action dismissed without prejudice and without further notice if Applicant fails to show cause as directed within the time allowed. It is

FURTHER ORDERED that the motion to strike (ECF No. 17) and the Motion to File Amicus Brief (ECF No. 45) are **denied** as premature. These motions may be refiled once the initial review is completed and only if the case is drawn to a district judge and/or a magistrate judge under D.C.COLO.LCivR 8.1(c).

DATED May 5, 2025.

BY THE COURT:

s/ Scott T. Varholak
SCOTT T. VARHOLAK
United States Magistrate Judge