IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

**TINA M. PETERS,**

    Petitioner,

    v.

**MOSES "ANDRE" STANCIL**, in his official capacity as the Executive Director of the Colorado Department of corrections, and
**PHILIP J. WEISER**, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

---

**PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE**

---

**PRELIMINARY STATEMENT**

    The Petitioner Tina M. Peters submits her Response to the Court's Order to Show Cause why her Application for a Writ of Habeas Corpus (ECF No. 1) should not be dismissed as a "mixed petition." Order, at 2. Mrs. Peters' Application should not be dismissed because it is not a mixed petition. That is, Mrs. Peters' has fully exhausted the state remedies available to her for each of the federal constitutional

1

bases she contends entitle her to the relief she seeks with this Application - bail pending appeal.

We respectfully submit that the conclusion that Mrs. Peters has fully exhausted the state remedies available to her follows when the exhaustion analysis properly focuses on the habeas claim actually made by Mrs. Peters - a claim seeking the relief of her release from incarceration while her merits appeal is pending in the Colorado Court of Appeals.  The Petition *sub juris* is not a claim seeking the relief of reversal of her conviction on the merits.

The proposition that Mrs. Peters' Application is a mixed petition conflates the distinct analyses required for two very different forms of habeas relief – 1) <u>temporary release</u> because incarceration while state proceedings are continuing violates federal constitutional rights, and 2) <u>permanent release</u> based on a judgment that a state conviction, on the merits, violated federal constitutional rights.

These are fundamentally different habeas claims because they seek different relief.  Indeed, the Court's characterization of the Application's "three claims for relief" is not correct, for it simply lists the legal violations involved – violations of Mrs. Peters' rights under the First Amendment, due process, and the Supremacy and Privileges or Immunities Clauses – but does not address the relief sought. Order, at 3.  It is the relief sought that effectively defines the legal character of an actionable

claim. *Cf., e.g., Bravos v. E.P.A.*, 324 F.3d 1166, 1174–75 (10th Cir. 2003) (discussing the relationship of the relief obtained and the claim made in awarding attorney's fees); *Operating Eng'rs Loc. Union No. 3 of Int'l Union of Operating Eng'rs, AFL-CIO v. Bohn*, 737 F.2d 860, 863 (10th Cir. 1984) (denying award of attorney's fees when plaintiff received relief sought before the filing of a §1983 action).

It is the legal character of Mrs. Peters' habeas claim – in which she is seeking a release on bail while her appeal is pending -- that dictated the governing state procedure by which she had to present her federal constitutional contentions to a state court. Her exhaustion of state remedies is manifested in that context.

**DISCUSSION**

**I. The Exhaustion Analysis In the Present Case for a Writ of Habeas Claim Seeking Bail Pending Appeal Differs From the Exhaustion Analysis for a Habeas Challenge to the Merits of a Conviction.**

It is well-established that habeas corpus relief is available for the arbitrary or unreasonable denial of bail pending appeal that is inconsistent with a criminal defendant's constitutional rights when a State makes provision for bail pending appeal. *See* ECF No. 1, at 3-5 (citing cases).

Colorado's Constitution provides for bail pending appeal of non-violent offenses when, among other requirements, "the appeal is not frivolous or is not

pursued for the purpose of delay." COLO. CONST. art. II, §19 (2.5), which has been codified at C.R.S. §16-4-201.5(2). *See also* ECF No. 1 at 4.

The practical application of the prerequisite that an appeal not be frivolous or merely a delaying tactic is set out in the statutory requirement that a court adjudicating a request for bail pending appeal "shall consider… [t]he defendant's likelihood of success on appeal." C.R.S. §16-4-202(1)(i). Thus, consideration of a defendant's likelihood of success on appeal in deciding whether to grant bail pending appeal addresses the threshold question of whether the appeal is frivolous.

"The 'rational argument' test now governs frivolousness determinations under Colorado law." J. Thomas Sullivan, *Ethical and Aggressive Appellate Advocacy: The "Ethical" Issue of Issue Selection*, 80 DENV. U. L. REV. 155, 162 n. 48 (2002). *See, e.g., O'Toole v. City of Boulder*, 2022 WL 22924681, at *6 (Colo. App. Nov. 3, 2022) ("Because [Appellants] presented rational arguments, and because we remand the case for further proceedings, we cannot characterize [Appellants'] appeal as frivolous."); *Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001) ("A claim is frivolous if the proponent has no rational argument to support it based on the evidence or the law."); *Bob Blake Builders, Inc. v. Gramling*, 18 P.3d 859, 867 (Colo. App. 2001) ("An appeal is frivolous if the appellant presents no rational argument based on the evidence or law in support of his or her claim or defense.").

4

In short, for purposes of meeting the exhaustion requirement for a habeas claim directed at bail pending appeal, a petitioner need only present rational federal constitutional arguments to the state courts. It need not engage in the full briefing of the merits to be undertaken in the court of appeals. (Which is why this Court's comment on our statement that we would "preview" our merits arguments for this Application illustrates the mistake that caused the wrong turn in the Court's reasoning. Order, at 6.)

The Order to Show Cause, however, employs a far stricter standard. With respect to Mrs. Peters' due process and federal immunity claims, the Order states: "When 'an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted.'" Order, at 7 (quoting *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983).

To be sure, this is an accurate articulation of the habeas standard when the petitioner is challenging the merits of his conviction. However, it is inapplicable when the habeas challenge is to a denial of bail pending appeal. Obviously, if such a petitioner had to await the adjudication of the merits of the appeal in state court, then habeas could never provide the relief of bail *pending* appeal. Adopting such a standard in these proceedings would effectively cancel the well-established body of

5

precedents providing habeas relief for the denial of bail pending appeal, Application. at 3-4.

Similarly, Mrs. Peters' First Amendment claim appears to squeak by under the Court's analysis because the Court is uncertain whether "she will raise this exact same First Amendment argument on direct appeal." Order, at 9. Again, this reasoning employs a standard at odds with the governing law. Exhaustion for her habeas Application for release pending appeal requires Mrs. Peters to have made rational constitutional arguments to the state courts, not to have achieved final adjudication of them.

## II. Petitioner Has Fully Presented to the Colorado Courts Three Federal Constitutional Claims for Her Release on Bail Pending Appeal According to Colorado Procedure.

As this Court has acknowledged, "[t]he exhaustion requirement is satisfied once the claim has been presented fairly to the state courts." Order, at 4 (citing *Castille v. Peoples,* 489 U.S. 346, 351 (1989). "A petitioner need not invoke 'talismanic language' or cite 'book and verse on the federal constitution.' Rather, the crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal citations omitted). *Accord Picard v. Connor*, 404 U.S. 270, 278

6

(1971). At bottom, the task of a federal habeas petitioner is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018).

Moreover, as noted above, Colorado has specified the factors to be considered in the adjudication of a request for bail pending appeal, *see* C.R.S. §16-4-202, so that structure necessarily shapes the presentation of arguments for bail pending appeal, including the federal constitutional claims that support bail pending appeal, and now support Mrs. Peters' Application. C.R.S. §16-4-202 (1) requires the court to consider nine factors for granting bond on appeal. In the bond motion to the Court of Appeals, Mrs. Peters presented the nine factors in the sequence suggested by the statute, subsections (1)(a) through (1)(i). ECF 2, 208–218. Mrs. Peters' federal constitutional claims were presented as part of the "likelihood of success on appeal" factor. C.R.S. §16-4-202(1)(i). ECF 2, 213-218.

Each constitutional argument recited pertinent facts and made an argument that applied controlling legal principles to those facts. This gave the Court of Appeals a fair opportunity to rule on the same constitutional issues raised by Mrs. Peters in her Application.

### A. Mrs. Peters' First Amendment Claim

This Court has concluded that Mrs. Peters fairly presented her First Amendment claim to the Colorado Court of Appeals, and so any state remedy for that claim has been exhausted. Order, at 8-9.

### B. Mrs. Peters' Due Process Claim

Mrs. Peters claimed that the district court denied her due process of law by refusing to allow her a meaningful opportunity to present a complete defense. ECF No. 2, at 213. Mrs. Peter's briefing of that claim detailed the rulings of the district court that are the basis of this claim. *Id.,* at 197-99, 213-16. That briefing further clearly presented the federal constitutional basis for this claim. The Petitioner cited *California v. Trombetta,* 467 U.S. 479, 485 (1984) which unmistakably underscored that "[u]nder the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense." *Id.,* at 213. The Petitioner also had cited *Chambers v. Mississippi,* 410 U.S. 284, 294 (1973), which further elaborated that principle of federal constitutional law. *Id.*

On this record, it simply cannot be said that Mrs. Peters did not fairly present her due process claim to the Court of Appeals.

### C. Mrs. Peters' Federal Immunity Claim

Mrs. Peters claimed that the proceedings in state court violated her immunity under the Supremacy and Privileges or Immunities Clauses from state prosecution for her compliance with her federal duty to preserve election records. ECF No. 2, at 216-18. We described her conduct at issue in some detail, *id.*, at 187-96. We discussed federal cases explaining the immunity involved and its federal constitutional origins. *Id.,* at 216-18.

Mrs. Peter's federal immunity claim rests on two distinct errors of the district court – its exercise of jurisdiction over Mrs. Peters' federal immunity claim and its error in ruling the Mrs. Peters was not entitled to that immunity. *Id.* Importantly for purposes of an exhaustion analysis, it is well-established that claims under the Supremacy Clause, which are to preserve the sovereignty of the national government, are fundamentally different from claimed violations of individual rights guaranteed by the Bill of Rights.

To allow state courts to decide whether federal immunity should be granted would undermine national sovereignty. *Tennessee v. Davis,* 100 U.S. 257, 262 (1879). Consequently, the district court did not have jurisdiction to deny Mrs. Peters' federal immunity claim. ECF No. 1, at 23-26. That being the case, the exhaustion

requirement does not apply to that claim because none of the comity concerns that arise when federal and state jurisdiction overlap are evident. *See Picard,* at 275.

At bottom, we clearly presented the controlling legal principles and the facts on which both aspects of Mrs. Peters' federal constitutional claim to immunity rests.

Having considered all these rational arguments, the Court of Appeals denied Mrs. Peters' Motion for Bond Pending Appeal. ECF No. 2, at 184.

## CONCLUSION

The law governing federal habeas relief for unconstitutional incarceration pending appeal asks no more of a petitioner than Mrs. Peters has done, and has set before this Court. She has fully exhausted all the state remedies available to her. Her Application should not be denied and dismissed as a mixed petition.

Respectfully submitted June 4, 2025.

| | |
|---|---|
| Patrick M. McSweeney, Esquire<br>Robert J. Cynkar, Esquire<br>McSweeney, Cynkar & Kachouroff, PLLC<br>3358 John Hill Tree Road<br>Powhatan, VA 23139<br>(804) 937-0895<br>patrick@mck-lawyers.com | *s/ John Case*<br>John Case, Esquire<br>John Case, P.C.<br>6901 S. Pierce St. #340<br>Littleton CO 80128<br>(303) 667-7407<br>brief@johncaselaw.com |

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

  /s/ Peter Ticktin
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
Serv512@LegalBrains.com
*Co-counsel for Applicant Tina M. Peters*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Linda Good*