IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

**RESPONDENTS' SUPPLEMENTAL BRIEF REGARDING JURISDICTION**

Pursuant to this Court's Order at the oral argument on July 22, 2025, ECF No. 58, Respondents respectfully submit this supplemental briefing regarding jurisdictional issues and in support, more fully state:

### Introduction

Ms. Peters challenges the state courts' denial of an appeal bond following entry of a judgment of conviction in Mesa County criminal case number 22CR371.[1] Her direct appeal of the conviction in 22CR371 is currently pending in the Colorado Court of Appeals. Under these circumstances, the *Younger* abstention doctrine requires this Court to abstain from exercising jurisdiction to review Ms. Peters' habeas claim. Furthermore, the state's denial of an appeal bond is not a cognizable claim, requiring dismissal for lack of jurisdiction in any event.

---

[1] Ms. Peters has dismissed her claims regarding violations of due process and the Supremacy Clause, leaving a single claim that the state courts violated the First Amendment when they denied her an appeal bond. ECF No. 1, at 14-17; ECF No. 59.

1

## Argument

**I.     *Younger* requires this Court to abstain from exercising jurisdiction.**

  **A.  Relevant Facts**

At her sentencing hearing, Ms. Peters presented a lengthy slideshow. ECF No. 2, at 72. Her comments spanned 24 pages of the hearing transcript. *Id.* at 72-96. Much of it was devoted to allegations that the Colorado Secretary of State used the statewide biannual election software update to destroy records and cover up problems with the computerized election system. *Id.* She also stated repeatedly that she was an honest person. *Id.* at 73, 87, 94.

Explaining its decision to sentence Ms. Peters to prison, the district court rejected her repeated assertions of honesty and dedication as a public servant. *Id.* at 102-03. The court pointed to her deceptive conduct as evidence of Ms. Peters' belief that she was above the law and noted the impact it had on her reputation and the community. *Id.* The court also discussed Ms. Peters' allegations of election fraud in the context of her criminal conduct, explaining that she used her position to commit crimes for the purpose of promoting allegations of election fraud, which benefitted her personally. *Id.* at 104-05.

The court stated that it would deny a stay of execution of the sentence for the same reasons and because it found that Ms. Peters was not likely to succeed on appeal. *Id.* at 105. The court also denied her oral request for an appeal bond. *Id.* at 109. The court subsequently issued a written order denying Ms. Peters' written motion for an appeal bond, "for the reasons stated on the record during today's [sentencing hearing], and for the additional reasons stated in the [prosecution's] response," which addressed Ms. Peters' flight risk, disregard of court orders, and low likelihood of success on appeal. *Id.* at 117.

### B. Legal Analysis

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings." Under this doctrine—now referred to as *Younger* abstention—federal courts must abstain from exercising jurisdiction regarding state proceedings when the following three conditions are met:

> (1) the state proceedings are ongoing;
>
> (2) the state proceedings implicate important state interests; and
>
> (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Once these three conditions are met, unless the applicant overcomes the presumption of abstention, abstention is mandatory. *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). Because "*Younger* abstention is jurisdictional," this Court may not rule on any other issues. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).

Here, all three conditions of the doctrine are satisfied. First, Ms. Peters' state direct appeal is currently pending in the Colorado Court of Appeals; thus, the state proceedings are ongoing. *See Chambersel v. Florida*, 816 Fed. Appx. 424, 426 (11th Cir. 2020) (dismissing habeas petition under *Younger* because state direct appeal was pending); *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1186 (C.D. Cal. 2003) (same). Second, the Tenth Circuit has repeatedly held that criminal proceedings are matters of important state interest. *See, e.g.*, *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019); *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007); *Buck v. Myers*, 244 Fed. Appx. 193, 197 (10th Cir. 2007); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("the States' interest in administering their criminal justice

3

systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

Third, the state proceedings afford Ms. Peters an adequate opportunity to present her federal constitutional challenge; indeed, she has already presented it to the Colorado Court of Appeals in her motion for an appeal bond. *See Spade v. Sharp*, 2024 WL 1672304 (D. S.C. April 18, 2024) (ruling that request for appeal bond in state court provided an adequate opportunity for the constitutional challenge per *Younger*); *see also Brown v. Leeke*, 460 F. Supp. 947, 948 (D. S.C. 1978), *dismissed*, 601 F.2d 579 (4th Cir. 1979) ("Federal intervention in matters concerning bail pending the direct appeal of a state conviction is very carefully circumscribed by the principles of federalism, which effectively mandate that federal courts must give recognition wherever possible to the decisions of their comity partners in state judiciaries."). Moreover, the state proceedings have even afforded Ms. Peters a *second* opportunity to present her federal constitutional challenge—in her direct appeal. Ms. Peters asserts in her direct appeal opening brief that the state district court violated her First Amendment right to free speech because it punished her for her allegedly protected statements—the same challenge at issue in her habeas application.[2] *See* ECF No. 1, at 14-17; ECF No. 51-1, at 47-48.

Although Ms. Peters' habeas challenge relates to the denial of an appeal bond, and her direct appeal challenges her sentence, the constitutional basis of each claim is identical: violation of the First Amendment as evidenced by the district court's statements at her sentencing hearing.

---

[2] This circumstance is also the reason the exhaustion doctrine precludes habeas review of Ms. Peters' claim, as discussed in the Pre-Answer Response, ECF No. 25, at 8-9. Specifically, the exhaustion doctrine prohibits a habeas court from ruling on a claim that is pending in state court. In addition, the claim is unexhausted because Ms. Peters did not fairly present it as an independent basis for relief in her motion for an appeal bond in the Colorado Court of Appeals. Instead, she presented it only in the context of her argument that the state district court erred in finding that she was a danger to society. *See* ECF No. 2, at 200-05.

*Id.* And the remedy for each is the same: an order directing the state district court to reconsider its decision without reliance on Ms. Peters' statements. *See Herrera v. Collins*, 506 U.S. 390, 403 (1993) (the "typical relief granted in federal habeas corpus is a conditional order of release," which allows the state to take remedial action as an alternative to releasing the prisoner); *see also Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) (conditional writs "enable habeas courts to give States time to replace an invalid judgment with a valid one").[3] Accordingly, Ms. Peters' opportunity to present her federal constitutional challenge in the ongoing state proceedings is more than adequate.

To overcome the presumption of abstention, applicants bear the "heavy burden" of proving an exception—an extraordinary circumstance where irreparable injury can be shown. *Phelps*, 122 F.3d at 889; *accord Perez v. Ledesma,* 401 U.S. 82, 85 (1971)). Although Ms. Peters previously alleged retaliation and bad faith in her other federal case related to this prosecution, both District Judge Wang and the Tenth Circuit determined that Ms. Peters did not meet her burden of proving an exception. *Peters v. United States*, 23-cv-3014-NYW-SKC, 2024 WL 83333, at *7-8 (D. Colo. Jan. 8, 2024), *aff'd*, 24-1013, 2024 WL 3086003, *5-6 (10th Cir. June 21, 2024). To the extent Ms. Peters asserts that being held in custody pending her direct appeal constitutes an extraordinary circumstance that will result in irreparable injury, that assertion also fails. *See Chambersel*, 816 Fed. Appx. at 426 (irreparable injury under *Younger* must be beyond "that incidental to every criminal proceeding brought lawfully and in good faith"); *see also Dole*

---

[3] Whether to grant bail pending disposition of a habeas petition is a separate question than the relief requested in the habeas application itself. *See, e.g.*, *Vreeland v. Zupan*, 14-cv-02175-PAB, 2023 WL 5485627, at *6 (D. Colo. Aug. 24, 2023), *COA denied*, 23-1301, 2024 WL 1757312 (10th Cir. Apr. 24, 2024) (denying application for bail pending disposition of habeas petition because petitioner failed to show both exceptional circumstances and clear, readily evident case on the merits of the habeas petition); *accord Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981).

5

*v. Colorado*, 15 Fed. Appx. 662, 664 (10th Cir. 2001) (denial of post-trial bond was not "the type of 'irreparable injury' that must be demonstrated before a federal court will interfere with ongoing state criminal proceedings"); *Brown*, 460 F. Supp. at 949 ("It would be difficult to imagine any set of circumstances under which this Court would seriously consider enlarging a state prisoner upon bail while he appeals his [case in state court]").

In sum, the three conditions mandating abstention under *Younger* have been met, and Ms. Peters cannot meet her burden to prove any extraordinary circumstances constituting an exception. Therefore, the *Younger* abstention doctrine precludes review of Ms. Peters' habeas claim.

**II.     The state's denial of an appeal bond is not a cognizable claim in any event.**

In the cases involving the state's denial of an appeal bond in both this District and the Tenth Circuit, the courts have determined that such claims are not cognizable in federal habeas corpus. *See Hamilton v. State of N.M.*, 479 F.2d 343, 344 (10th Cir. 1973) (not a cognizable claim); *Strickland v. Murphy*, 279 Fed. Appx. 673, 675 n.2 (10th Cir. 2008) (same); *Qualls v. Kaiser*, 930 F.2d 34 (Table), *1 (10th Cir. 1991) (state denial of appeal bond alone not a proper basis for habeas review); *Holloman v. Ortiz*, 06-cv-01226-WYD, 2009 WL 798836, at *15 (D. Colo. Mar. 24, 2009) (not a cognizable claim); *Deskins v. Zenon*, 05-cv-00575-WYD-BNB, 2007 WL 1701717, at *33 (D. Colo. June 11, 2007) (same).

Accordingly, Ms. Peters' challenge to the state's denial of an appeal bond is not a cognizable claim and should thus be dismissed for lack of jurisdiction.

**Conclusion**

Based on the reasons and authorities set forth above, Respondents assert that the *Younger* abstention doctrine requires this Court to abstain from exercising jurisdiction in this matter.

Respondents also assert that this Court lacks jurisdiction over Ms. Peter's claim in any event because it is not cognizable in this federal habeas corpus action.

                Respectfully submitted,

                PHILIP J. WEISER
                Attorney General

                *s/ Lisa K. Michaels*
                LISA K. MICHAELS, 38949*
                Senior Assistant Attorney General
                Criminal Appeals Section
                Attorneys for Respondents

                Ralph L. Carr Colorado Judicial Center
                1300 Broadway
                Denver, Colorado  80203
                Telephone:  (720) 508-6000
                E-Mail:  lisa.michaels@coag.gov
                *Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Lisa K. Michaels*