IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

---

**RESPONDENTS' REPLY BRIEF REGARDING JURISDICTION**

---

Pursuant to this Court's Order at the oral argument on July 22, 2025, ECF No. 58, Respondents respectfully submit this reply brief regarding jurisdictional issues and in support, more fully state:

**Introduction**

Respondents have neither expressly nor effectively waived *Younger* abstention because they have not urged a ruling on the merits of Ms. Peters' claim. Respondents raised *Younger* abstention at an appropriate time—when this Court ordered supplemental briefing on jurisdictional issues, which will provide the opportunity for faster and more efficient resolution of this matter, prior to any briefing on the merits of Ms. Peters' claim. *Younger* mandates that this Court abstain from exercising jurisdiction because the three triggering conditions are satisfied and Ms. Peters fails to carry her "heavy burden" to prove an extraordinary circumstance that will result in irreparable injury.

1

The exhaustion doctrine also precludes relief on Ms. Peters' claim because she failed to fairly present the claim to the state courts previously and the claim is currently pending before the Colorado Court of Appeals in her direct appeal.

## Argument

I.   *Younger* **requires this Court to abstain from exercising jurisdiction.**

The *Younger* doctrine has not been waived and mandates abstention.

### A.  Respondents have not waived *Younger* abstention.

The *Younger* abstention doctrine arises "from strong policies counseling against the exercise of [federal] jurisdiction where particular kinds of state proceedings have already been commenced." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). A state may waive abstention (or consent to jurisdiction) expressly or by "expressly urging the court to proceed to an adjudication of the constitutional merits." *Id.* (cleaned up).

Here, Respondents have neither expressly waived abstention nor urged the court to proceed to an adjudication of the constitutional merits of Ms. Peters' claim, expressly or otherwise. Accordingly, Respondents have not waived abstention.

Ms. Peters asserts that Respondents waived abstention by not expressly asserting the *Younger* abstention doctrine in the pre-answer response. ECF No. 65, at 17-18. But this assertion is the opposite of what the Supreme Court has said will constitute a waiver, as just discussed. Respondents would have to expressly waive abstention or expressly request a ruling on the merits of Ms. Peters' claim to waive abstention. *See Ohio Civil Rights Comm'n*, 477 U.S. at 626.

Furthermore, Ms. Peters' assertion that Fed. R. Civ. Pro. 12 required Respondents to assert *Younger* abstention in their pre-answer response misapprehends the nature of federal habeas corpus proceedings involving state prisoners. Habeas corpus proceedings involving state

2

prisoners are different than other federal civil cases. Such proceedings have their own set of rules, the Rules Governing Section 2254 Cases. And pursuant to these rules, application of the Federal Rules of Civil Procedure is not mandatory in § 2254 proceedings. Rule 12, Rules Governing Section 2254 Cases.

In a similar vein, this District has adopted a special procedure in § 2254 cases bifurcating the initial pleadings process. Instead of filing an answer within 21 days as required by Fed. R. Civ. Pro. 12(a)(1)(A)(i), the court directs respondents to first file a pre-answer response addressing certain preliminary issues—exhaustion and timeliness. *See, e.g.,* ECF No. 5. This saves both the parties and the court from expending resources to address the merits of the claims when they are procedurally barred by failure to exhaust or the statute of limitations.

Further, the standard order for a pre-answer response, like the one issued in the instant case, directs respondents to "limit" the pre-answer response to the issues of timeliness and failure to exhaust, and expressly prohibits dispositive motions. *Id.* Accordingly, Respondents were not required to assert *Younger* abstention in their pre-answer response and indeed may even have been prohibited from doing so by this Court's order.

Respondents asserted *Younger* abstention as an issue relating to jurisdiction when this Court ordered Respondents to submit supplemental briefing on jurisdictional issues. *See* ECF No. 58. Had the Court not ordered briefing on jurisdictional issues during this preliminary stage of the proceedings, and eventually ordered Respondents to answer Ms. Peters' claim on the merits, it would have been appropriate for Respondents to raise *Younger* abstention, and other jurisdictional issues, in their answer. *See* Fed. R. Civ. P. 12(b) (defenses must be asserted in the answer or by motion). But even failure to raise the doctrine in their answer would not waive the argument. *See* Fed. R. Civ. P. 12(h)(1)(B) (subject-matter jurisdiction not among the defenses

waived by failure to raise it in a motion or responsive pleading); Fed. R. Civ. P. 12(h)(3) (court must dismiss action if it determines "at any time that it lacks subject matter jurisdiction"). In any event, by ordering briefing on jurisdictional issues during this preliminary stage, this Court has provided the opportunity to resolve this matter more quickly and efficiently than if the jurisdictional issues were raised in the answer.

Accordingly, Respondents have not waived *Younger* abstention.

### B. *Younger* mandates abstention here.

*Younger* requires this Court to abstain from exercising its jurisdiction because Ms. Peters' direct appeal is currently pending,[1] criminal proceedings are an important interest to the State, and Ms. Peters has been afforded an adequate opportunity for the state courts to address her First Amendment claim that the trial court punished her for her allegedly protected statements. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Ms. Peters first asserts that *Younger* does not apply because granting relief in this matter will not interfere with her direct appeal in state court. ECF No. 65, at 19. But interference is not one of the three conditions that triggers *Younger* abstention. Rather, preventing interference is the *purpose* of the doctrine. *Younger*, 401 U.S. at 43.

The three conditions that, when all are met, mandate abstention are:

(1) the state proceedings are ongoing;

(2) the state proceedings implicate important state interests; and

(3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges.

---

[1] The direct appeal has been fully briefed, and a date for oral argument is pending.

*Phelps*, 122 F.3d at 889. The Supreme Court clarified in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)—the case cited by Ms. Peters—that these conditions apply only in three categories of "exceptional circumstances"; the first category is "ongoing state criminal prosecutions."

Because all three conditions are satisfied here, including the exceptional circumstance that the ongoing state proceeding is a criminal prosecution, *Younger* requires this Court to abstain from exercising jurisdiction. Doing so will serve *Younger*'s purpose of preventing interference as a matter of comity and federalism because it will allow the Colorado Court of Appeals the opportunity to rule in Ms. Peters' pending direct appeal on her First Amendment claim that the state district court punished her for her allegedly protected speech before this Court weighs in on the question.

Ms. Peters also contends that *Younger* does not apply because she no longer has a state remedy available. ECF No. 65, at 20. This argument conflates exhaustion with *Younger* abstention. The absence of a state remedy constitutes technical (albeit improper) exhaustion of a claim. *See Shinn v. Ramirez*, 596 U.S. 366, 378 (2022). However, absence of a state remedy is not part of the *Younger* analysis. Instead, the question for *Younger* abstention is whether the ongoing state proceedings provide an adequate opportunity to present the federal constitutional claim. *Phelps*, 122 F.3d at 889.

Here, the state court proceedings have already provided Ms. Peters an opportunity to present her First Amendment claim—in her motion for an appeal bond. *See Spade v. Sharp*, 2024 WL 1672304 (D. S.C. April 18, 2024) (ruling that request for appeal bond in state court provided an adequate opportunity for the constitutional challenge per *Younger*). And in fact, the ongoing state proceedings have provided Ms. Peters with a second opportunity to present her

5

constitutional claim—in the direct appeal itself. And she has availed herself of this opportunity by presenting her First Amendment claim that the state district court punished her for her allegedly protected statements in her direct appeal. *See* ECF No. 51-1, at 47-48; Appendix (attached), at 30-31.[2]

Finally, Ms. Peters' allegation that she will be irreparably injured if this Court abstains from exercising jurisdiction is also unavailing. As the alleged irreparable injury, she merely reasserts the claim itself: violation of her First Amendment rights. *See* ECF No. 58, at 20. Further, the cases she cites for the proposition that violation of First Amendment rights constitutes an irreparable injury did not involve *Younger* abstention but instead addressed irreparable injury as an element of the four-part test for a preliminary injunction. ECF No. 58, at 20 (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020); *Adams by and through Adams v. Baker*, 919 F. Supp. 1496, 1505 (D.N.M. 1996)). But an irreparable injury constituting an extraordinary circumstance that will warrant an exception to the mandate of *Younger* abstention must be beyond the irreparable injury that will permit a preliminary injunction. *Younger*, 401 U.S. at 46 ("[E]ven irreparable injury is insufficient unless it is 'both great and immediate.'"). Accordingly, Ms. Peters has failed to meet her "heavy burden" of proving an exception to *Younger* abstention.

## II.   The exhaustion doctrine precludes relief on the claim.

The exhaustion doctrine requires a habeas petitioner to "fairly present" her claim to the state court in a manner that alerts that court to the fact that she is asserting claims under the United States Constitution. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S.

---

[2] Page numbers for state court documents refer to pdf pagination, not any page numbers appearing on the document itself.

364, 365-66 (1995). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (cleaned up).

Here, Ms. Peters presented three arguments for relief in her motion for an appeal bond in the Colorado Court of Appeals:

> 1. The district court erred as a matter of law when it found that Appellant's statements made her a danger to society;
>
> 2. The district court abused its discretion by concluding that Appellant "lied" about the risk of computer manipulation; and
>
> 3. Because Appellant meets the constitutional and statutory criteria for granting bond pending appeal, the Court of Appeals should grant bond.

ECF No. 2, at 200-218.

Ms. Peters' first argument asserted that the state district court erred by finding that she was a danger to society based on advocacy instead of conduct or incitement of imminent lawless violence. *Id.* at 200-01. Her second argument asserted that the district court's conclusion that she lied was error because her statements were true or at least within the realm of legitimate debate. *Id.* at 202. Although she referenced the First Amendment's speech protections, she did not assert a violation of her First Amendment rights. *Id.* at 202-05. Ms. Peters' third argument did not reference the First Amendment. *Id.* at 205-18.

Because Ms. Peters did not assert, much less develop, any argument that the state district court's denial of an appeal bond violated her First Amendment rights,[3] she failed to fairly present

---

[3] Respondents acknowledge that their pre-answer response contains a statement that Ms. Peters asserted that her First Amendment rights were violated by the state district court's denial of an appeal bond. ECF No. 25, at 6. Upon additional review, undersigned counsel discovered that while Ms. Peters referenced the First Amendment's speech protections, she did not actually assert that her First Amendment rights were violated. *See* ECF No. 2, at 200-05; *cf.* ECF No. 51-

her habeas claim to the Colorado Court of Appeals. In any event, because Ms. Peters' First Amendment claim that the state court punished her for her allegedly protected statements is pending before the Colorado Court of Appeals in her direct appeal, the exhaustion doctrine requires this Court to defer review until after the Colorado Court of Appeals rules on the claim as a matter of comity and federalism. *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Denney v. State of Kan.*, 436 F.2d 587, 588 (10th Cir. 1971) ("[S]tate remedies cannot be exhausted if an appeal from a state conviction is pending."); *accord Parkhurst v. State of Wyo.*, 641 F.2d 775, 776 (10th Cir. 1981).

## Conclusion

Based on the reasons and authorities set forth above, Respondents assert that they have not waived *Younger* abstention, that the doctrine mandates that this Court abstain from exercising jurisdiction, and that the exhaustion doctrine also precludes review of Ms. Peters' claim.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Lisa K. Michaels*
LISA K. MICHAELS, 38949*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondents

---

1, at 47, 48 (containing heading and argument expressly asserting that the "court violated the First Amendment" by incarcerating Ms. Peters for her statements); Appendix, at 31 ("the trial court incarcerated Peters for speech . . . in violation of her rights under the First . . . Amendment[].").  Moreover, because Respondents asserted in the pre-answer response that the exhaustion doctrine barred relief on the claim, Respondents did not waive exhaustion. *See* § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203
Telephone: (720) 508-6000
E-Mail: lisa.michaels@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

*s/ Lisa K. Michaels*