IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

## MOTION TO STRIKE TESTIMONY OF CONFIDENTIAL WITNESS

Pursuant to Fed. R. Civ. P. 12(f), Respondents respectfully submit to this Court their motion to strike the testimony of a confidential witness filed by Ms. Peters. *See* ECF Nos. 70, 70-1, 70-2:

1. Ms. Peters filed testimony from a deposition taken *ex parte* by her attorney, six days before its filing. ECF Nos. 70, 70-1, 70-2.

2. As an initial matter, Ms. Peters failed to provide notice of the deposition to Respondents. *See* F.R.Civ.P. 30(b)(1) (notice of deposition to other parties required).

3. Moreover, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, discovery is available to a habeas petitioner only by order of the court upon a finding of good cause. *Id.*; Rules Governing Section 2254 Cases, Rule 6(a) ("Leave of Court Required" for discovery). In taking the deposition, Ms. Peters, through counsel, conducted discovery without leave of this Court.

1

4. Furthermore, the testimony is not relevant to any of the questions pending before this Court, which are: (1) whether *Younger* requires this Court to abstain from exercising its jurisdiction; (2) whether the exhaustion doctrine precludes relief on Ms. Peter's claim; and (3) whether the merits of Ms. Peters' claim warrant relief. The first two questions are procedural questions. The third requires a determination of whether the state courts violated Ms. Peters' First Amendment right to free speech when it considered her allegedly protected statements in denying her an appeal bond. The filed testimony has no bearing whatsoever on this determination. Accordingly, the testimony provides no information that would assist this Court in its determination of the foregoing questions. Therefore, even if Ms. Peters had sought leave of this Court to conduct discovery, she is unable to demonstrate good cause. Rules Governing Section 2254 Cases, Rule 6(a) (good cause required); *accord Bracy*, 520 U.S. at 904.

5. Ms. Peters purports to have filed the testimony pursuant to this Court's order for the parties to attach additional records relevant to Ms. Peters' claim. ECF No. 70, at 1. But the Order did not authorize the parties to conduct discovery. *See* ECF No. 67. It contained no language about discovery, and did not reference Rule 6(a) of the Rules Governing Section 2254 Cases.

6. In addition, development of new evidence in a federal habeas proceeding initiated by a state prisoner is prohibited absent certain exceptions not applicable here (i.e., claims rely on new law or factual predicate). 28 U.S.C. § 2254(e)(2); *see also Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) ("[u]nder the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the standard to expand the state-court record is a stringent one," permitted only under "two narrow exceptions").

7. Fed. R. Civ. P. 12(f)(2) permits a court to strike immaterial, impertinent, or scandalous information.

For the foregoing reasons, Respondents request that this Court strike the testimony of a confidential witness, ECF Nos. 70, 70-1, 70-2, which is, at a minimum, immaterial and impertinent.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Lisa K. Michaels*
LISA K. MICHAELS, 38949*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondents

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado  80203
Telephone:  (720) 508-6000
E-Mail:  lisa.michaels@coag.gov
*Counsel of Record

3

CERTIFICATE OF SERVICE

I hereby certify that September 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

s/ Lisa K. Michaels