IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

## MOTION TO STRIKE TESTIMONY OF SECOND CONFIDENTIAL WITNESS

Pursuant to Fed. R. Civ. P. 12(f), Respondents respectfully submit to this Court their motion to strike the testimony of a second confidential witness filed by Ms. Peters. *See* ECF Nos. 76, 76-1:

1. Ms. Peters filed testimony of a Venezuelan government employee from a deposition taken by an out-of-state attorney for an undisclosed purpose. ECF Nos. 76, 76-1.

2. Two other people also questioned the witness during the deposition, specifically: Sheriff Dar Leaf of the Barry County Sheriff's Office in Michigan and a deputy sheriff of the Barry County Sheriff's Office, Election Task Force. ECF No. 76-1, at 2, 6:9-10, 37-41. However, the deposition appears to have been conducted *ex parte* because the attorney, Stephanie Lambert, stated that she was appearing on behalf of Sheriff Leaf, and Sheriff Leaf and the deputy sheriff merely asked additional questions during the Ms. Lambert's examination. *Id.* at 2, 5:6-7, 6:9-10, 37-41.

1

3. Sheriff Leaf previously filed, through Ms. Lambert, an unsuccessful lawsuit alleging election fraud. *See* Ex. A (Michigan Advance article). A social media account under his name, bearing his photo, has posted in excess of 2,000 pages of Dominion Voting Systems documents labeled "confidential," which Dominion alleges were leaked by Ms. Lambert to Sheriff Leaf. *Id.*

4. Ms. Lambert is facing her own criminal charges related to illegal access to voting equipment following the 2020 election. *See* Exs. A (Michigan Advance article), B (States United Fact Sheet), C (Bridge Michigan article).[1] One of Ms. Peters' attorneys in her habeas case, Mr. Ticktin, also represents Ms. Lambert in her criminal case, as does one of the attorneys who represented Ms. Peters in her criminal case, Dan Hartman. *See* Ex. A (Michigan Advance article).

5. Rule 5 of the Rules Governing Section 2254 Cases addresses the state court record, directing respondents to disclose the availability of transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) and attach to their answer those that are relevant.

6. Consistent with Rule 5, this Court directed the parties to attach to their briefing any additional records not already filed with the Court that are relevant to the claim. ECF No. 67.

7. Ms. Peters purports to have filed the testimony pursuant to this Court's Order. ECF No. 76. However, the testimony is not part of the state court record. And nothing in Rule 5 or this Court's Order, ECF No. 67, permits the filing of extraneous transcripts from other unidentified matters—as Ms. Peters attempts to do here.

8. Rule 7 of the Rules Governing Section 2254 Cases permits expansion of the record as directed by the court. But this Court's Order did not authorize the parties to expand the

---

[1] Links accessed on 10/7/25.

record. It contained no language about expanding the record and did not reference Rule 7 (but it did reference Rule 5). ECF No. 67.

9. In any event, the Order directed the parties to file records that are *relevant* to Ms. Peters' claim. *Id.* But like the testimony of another Venezuelan government employee Ms. Peters previously filed, ECF Nos. 70, 70-1, 70-2, this most recent testimony of a Venezuelan government employee, taken within the last 60 days (and nearly a year after Ms. Peters was sentenced), also has no bearing on the question of whether the state court violated Ms. Peters' First Amendment right to free speech when it considered her allegedly protected statements in denying her an appeal bond.

10. Ms. Peters asserts that the testimony shows that her statements about Mesa County's electronic voting system were "true." ECF No. 76. But whether her statements were true is not a question this Court needs to decide. Rather, the question for this Court is whether the state court was permitted to consider the statements (true or not) as part of its decision to deny Ms. Peters an appeal bond.

11. Furthermore, "[u]nder the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the standard to expand the state-court record is a stringent one," permitted only under "two narrow exceptions." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022); *see also* 28 U.S.C. § 2254(e)(2) (limiting development of new evidence in a federal habeas proceeding initiated by a state prisoner to two exceptions: claims rely on new law or factual predicate). Neither exception applies here.

12. Fed. R. Civ. P. 12(f)(2) permits a court to strike immaterial, impertinent, or scandalous information.

For the foregoing reasons, Respondents request that this Court strike the testimony of another confidential witness, ECF Nos. 76, 76-1, which is, at a minimum, immaterial and impertinent.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Lisa K. Michaels*
LISA K. MICHAELS, 38949*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondents

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado  80203
Telephone:  (720) 508-6000
E-Mail:  lisa.michaels@coag.gov
*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that October 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

<u>*s/ Lisa K. Michaels*</u>