# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Applicant,

v.

MOSES "ANDRE" STANCIL, in his official capacity Executive Director of the Colorado Department of Corrections, and
PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

    Respondents.

## REPLY IN SUPPORT OF MOTIONS TO STRIKE TESTIMONY

Respondents respectfully submit to this Court this reply in support of their motions to strike the testimony of two unknown Venezuelan witnesses:

Ms. Peters asserts that the testimony of the two unknown Venezuelan witnesses is newly discovered evidence, admissible under 28 U.S.C. § 2254(e)(2)(A)(ii). But § 2254(e)(2)(A)(ii) does not authorize the admission of newly discovered evidence. Rather, it is a narrow exception to the rule prohibiting new evidence in § 2254 cases that applies only when the habeas claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence.

Here, the narrow exception in § 2254(e)(2)(A)(ii) does not apply because Ms. Peters' claim is not based on a factual predicate that could not have been previously discovered through the exercise of due diligence. Her claim is based on what happened at her sentencing hearing over a year ago. Thus, the factual predicate of her claim was known to her for approximately a year before opposing counsel deposed an unknown Venezuelan witness—without notice to

1

Respondents or leave of this Court—and before the other Venezuelan witness was deposed, *ex parte*, for an unknown matter by an attorney facing similar charges to Ms. Peters. And Ms. Peters submitted extensive evidence to the state court as proof of her allegations of election fraud. *See, e.g.*, ECF No. 2, at 257-574.

Ms. Peters also contends that the testimony is admissible under § 2254(e)(2)(A)(ii) to rebut the presumption of correctness that applies to the state courts' factual findings under § 2254(e)(1). However, the Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). According to the Supreme Court, the narrow exceptions in § 2254(e)(2) apply when a claim was not adjudicated on the merits. *Id.* at 185-86.

In any event, whether Ms. Peters' allegations of election fraud are true or not is a side issue. While the state district court expressed its belief that the allegations were untrue, the basis of its decision to deny Ms. Peters' an appeal bond was her criminal conduct, which the court determined was motivated by her desire for fame and power. ECF No. 2, at 102-03. The court explained that Ms. Peters used her position as an elected official to promote the allegations of election fraud and fuel controversy about the reliability of elections in furtherance of the personal benefits it afforded her. *Id.* at 103-05. Even assuming arguendo that Ms. Peters' allegations of election fraud are true, it would not change the fact that she committed multiple crimes or excuse her crimes. As the state court explained:

> But at bottom this case was about your corrupt conduct and how no one is above the law. No one in this country has absolute power. Your position as a clerk and recorder, a constitutional position does not, di-- does not provide you with a means by which to do your own investigation, to not listen to the judiciary, to not listen to the executives higher than you, to not listen to the legislature who sets the law as it may be.

ECF No. 2, at 103.

For the foregoing reasons, Respondents request that this Court strike the testimony of the two unknown Venezuelan witnesses.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Lisa K. Michaels*
LISA K. MICHAELS, 38949*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondents

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado  80203
Telephone:  (720) 508-6000
E-Mail:  lisa.michaels@coag.gov
*Counsel of Record

3

## CERTIFICATE OF SERVICE

      I hereby certify that October 15, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy of same to be served on opposing counsel via the email addresses that opposing counsel has registered with the Court's ECF system.

                                          *s/ Lisa K. Michaels*