IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-00425 STV

**TINA M. PETERS,** Applicant,

v.

**MOSES "ANDRE" STANCIL** in his official capacity as the Executive Director of the Colorado Department of Corrections, and **PHILIP J. WEISER**, in his official capacity as Attorney General of the State of Colorado, Respondents

---

## [PROPOSED] ORDER GRANTING PETITION FOR HABEAS CORPUS AND ORDERING BOND PENDING APPEAL

---

Applicant Tina M. Peters filed through counsel an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The parties have stipulated to Magistrate jurisdiction.

Mrs. Peters is a prisoner of the state of Colorado, currently incarcerated at the Colorado Department of Corrections La Vista Women's Correctional Facility in Pueblo. Her state felony convictions arise out of engaging a computer consultant to make forensic copies of the Mesa County election management system server hard drive on May 23-26,

2021, while she served as the elected Clerk and Recorder of Mesa County. Mrs. Peters claimed that she made the forensic images in order to protect digital election records that she was required to preserve by 52 U.S.C. § 20701, and that she was executing a public duty, defenses which the state court did not allow her to present to the jury.

According to the presentence report, Mrs. Peters had no prior involvement with the criminal justice system in Colorado or any other jurisdiction. Although Mrs. Peters was eligible for probation, on October 3, 2024, the state court sentenced her to nine years of incarceration, and denied bond pending appeal, based on its finding that Mrs. Peters made statements criticizing the computer voting system, and that such statements were "lies" that made Mrs. Peters a danger to the community:

> And this is what makes Ms. Peters such a danger to our community. It's the position she held that has provided her the pulpit from which she can preach these lies, the undermining of our democratic process, the undermining of the belief and confidence in our election systems.

(ECF 2, at 104:20-24). Respondents argue that the state courts denied bond for reasons other than speech. The language quoted above proves that the state denied bond because of Mrs. Peters' protected speech. Any

reliance by the state courts on Mrs. Peters' protected speech as a basis for denying her motion for bond pending appeal violated the Free Speech Clause of the First Amendment to the U.S. Constitution.

The Court finds, based on the voluminous record and after considering all arguments of counsel, that state courts violated Mrs. Peters' First Amendment right to free speech by denying her bond pending appeal. At no time did Mrs. Peters advocate violence or pose any physical danger to any person or the community. There is no evidence that she was a flight risk. The Court has reviewed her counsel's briefs in the Colorado Court of Appeals, and it is obvious that Mrs. Peters' appeal is not frivolous, nor was it brought for purposes of delay.

Accordingly, it is

ORDERED that the Respondents shall immediately deliver custody of Mrs. Peters to the U.S. Marshall, who shall release Mrs. Peters immediately from custody under the $25,000 surety bond that was posted in state court.

Or, alternatively it is ORDERED that Respondents immediately deliver custody of Mrs. Peters to the U.S. Marshall for a hearing on bond in this Court on October 27, 2025 at 9:00 a.m.

DATED October 16, 2025.

BY THE COURT:

_____

SCOTT T. VARHOLAK

Chief United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on counsel of record via the email addresses that counsel registered with the Court's ECF system.

*s/ Linda Good*