# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-00425 STV

**TINA M. PETERS,** Applicant,

v.

**MOSES "ANDRE" STANCIL** in his official capacity as the Executive Director of the Colorado Department of Corrections, and **PHILIP J. WEISER**, in his official capacity as Attorney General of the State of Colorado, Respondents

---

### VERIFIED NOTICE OF APPLICANT'S DECLINING HEALTH
### IN STATE PRISON, AND REQUEST FOR RULING

---

Applicant Tina Peters, through counsel, notifies the Court that her health is declining at La Vista Women's Correctional Facility in Pueblo, Colorado, and requests an immediate ruling on her Application for Writ of Habeas Corpus.

1. Four weeks ago, on October 16, 2025, the Court stated that it would rule on Mrs. Peters' Application "promptly."

2. Since then, Mrs. Peters' health has declined. Counsel John Case visited Tina Peters at La Vista on November 12, 2025. Mrs. Peters' complexion was pale, not pink, as it has been for the past three years I have known her. She coughed spontaneously approximately every two minutes throughout the one-hour

meeting. She denied coughing up fluids, and I did not see any mucous in her hand after she covered her mouth while coughing. She stated that she started coughing three days ago when the prison turned on the heating system. She reported visible dust particles being blown out of the heat vent in her cell. Mrs. Peters said that there was black mold in the showers. She stated that she has been more susceptible to respiratory illnesses since 2017, when one-third of her right lung was surgically removed to treat lung cancer (she never smoked). Mrs. Peters said she saw the prison nurse before counsel's visit. She stated she had no fever, indicating she did not have flu. The nurse ordered a chest x-ray, which was scheduled for Tuesday, November 18.

3. Mrs. Peters complained that she cannot sleep because of pain in her neck and back. Mrs. Peters said that she had been awake since 2 a.m. She has a diagnosis of fibromyalgia with chronic pain because of injuries suffered in auto collisions many years ago (she was not at fault). The prison requires her to sleep on a two-inch foam mattress laid over a steel bunk. The mattress prevents Mrs. Peters from sleeping and aggravates her neck and back pain, so that she is always in pain. The prison allows other inmates to sleep on double mattresses and medical mattresses, but not Mrs. Peters. (See Exhibit 1, urgent requests for medical

accommodation pp. 1-3, denied at p. 4). I believe that inadequate sleep and constant pain have contributed to the decline in my client's health.

    4.    While at La Vista, Mrs. Peters has received anonymous weekly threats through the United States Mail. (See Exhibit 2). The postcards containing the threats are postmarked from Orlando, Florida, with a fictitious return address of "Box 8645" (Ex. 2, p. 3 at top) and include "#8647" (Ex. 2, p. 3 at bottom), which are references to killing President Trump. Two specific threats to Mrs. Peters are quoted verbatim below:

> "Hey Tina Baby,
> Welcome to the Hotel MAGAdonia. Do you need anything - tin foil for hats, a spoon to tunnel out, a magnetic mattress? We sure hope you aren't assaulted or raped in there. Then again, with your looks, it shouldn't be a problem. Sweet dreams, you Q-tipped, fascist traitor. #LockTrumpUp Matt. 24:51."

(Ex. 2, p.1)

and

> "We true Americans won't rest until every last one of you MAGA goons has been squashed like the seditious cockroaches that you are. That's not a threat, it's a promise. Buckle up, buttercup, American patriots will defeat Trump's MAGA fascism. #LockTrumpUp John2:44"

(Ex. 2, p. 2). It is a felony punishable by five years in prison to threaten another person through the U.S. Mail. 18 U.S.C. §876 (c). To the best of my knowledge,

3

the prison has not investigated the threats to Mrs. Peters, nor reported the threats to federal law enforcement.

5.   Undersigned counsel John Case believes that Mrs. Peters should be released on bond immediately because of the merits of her case, the danger she is in, and the continuing decline of her health in prison.

WHEREFORE, Applicant prays for an immediate ruling granting her bond pending appeal and releasing her from custody.

## VERIFICATION

John Case states under penalty of perjury that the foregoing statements in this Notice are true to the best of his knowledge and belief.

_____
John Case

Respectfully Submitted November 13, 2025.

| | |
|---|---|
| Patrick M. McSweeney | *s/ John Case* |
| Robert J. Cynkar | John Case |
| McSweeney, Cynkar & Kachouroff, PLLC | John Case, P.C. |
| 3358 John Hill Tree Road | 6901 S. Pierce St. #340 |
| Powhatan, VA 23139 | Littleton CO 80128 |
| (804) 937-0895 | (303) 667-7407 |
| patrick@mck-lawyers.com | brief@johncaselaw.com |

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

  /s/ Peter Ticktin
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
Serv512@LegalBrains.com

*Co-counsel for Applicant Tina M. Peters*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause an electronic copy of same to be served on counsel of record via the email addresses that counsel registered with the Court's ECF system.

*s/ Linda Good*

6