JOHN CASE, P.C.
6901 S. Pierce St. #340
Littleton CO 80128
(303) 667-7407
brief@johncaselaw.com

July 18, 2025

Housing Administrator Captain Hasui, Shift Commander Lt. McGuire, and Case Manager Beeler

Via Email to doc_lvcf_videocourtattorney@state.co.us; DOC_DWCF_Visiting@state.co.us

RE: Urgent Medical Accommodation Request—Freezing Conditions in Cell of Inmate Tina Peters (ID #203512)

Dear Captain Hasui, Lt. McGuire, and Case Manager Beeler,

As counsel for Ms. Tina Peters, I write to follow up on my July 8, 2025 request, which has not received a response, and to raise an urgent concern about the dangerously cold conditions in her cell at La Vista Correctional Facility.

For the past month, Ms. Peters and her cellmate have reported that their two-person cell is consistently freezing cold. This is due to an oversized air conditioning vent in a room that formerly housed a washer and dryer—far too small for the volume of air discharged. When the women attempted to shield themselves by covering the vent, they were threatened with disciplinary action and forced to endure the cold airflow.

On July 16, 2025, at approximately 8:45 a.m., Captain Sabato measured the temperature in the cell with a thermometer and recorded a reading of 53°F—after the cell door had been opened to allow warm air from the hallway into the cell.  According to Ms. Peters, the temperature at night, with continuous cold airflow, drops to an estimated 40°F. These conditions are in violation of both professional standards and constitutional protections.

Although Ms. Peters wears multiple layers of clothing and three pairs of socks at night, the room is so cold that she shivers and cannot sleep.  During my 90-minute legal visit with Tina on July 16, she yawned repeatedly and complained of fatigue and increased physical pain due to the cold and lack of sleep.

Ms. Peters is a 69-year-old lung cancer survivor with documented diagnoses of fibromyalgia, chronic fatigue syndrome, degenerative disc disease, and myofascial pain. Cold exposure exacerbates all of these conditions. Her deterioration during her time at La Vista has been alarming and medically observable.

The American Correctional Association (ACA) and ASHRAE 55 standards recommend indoor temperatures between 66°F and 80°F in correctional housing. Prolonged exposure to temperatures below 60°F, particularly during overnight hours and for vulnerable inmates, which Ms. Peters is, constitutes a serious medical risk.  At 53°F, especially while inactive or sleeping, core body temperature may fall below safe levels, resulting in hypothermia.

Urgent Request for Medical Accommodation
Page **2** of **2**

Multiple federal courts have held that exposing inmates to such conditions can constitute violation of the Eighth Amendment prohibition against cruel and unusual punishment.

- *Wilson v. Seiter*, 501 U.S. 294, 298 (1991): Conditions that result in "unquestioned and serious deprivations of basic human needs" such as "warmth" may amount to cruel and unusual punishment.

- *Dixon v. Godinez*, 114 F.3d 640, 644–45 (7th Cir. 1997): ("…[P]risoners have a right to protection from extreme cold"; cold alone may violate the Eighth Amendment; "severe discomfort" can be unconstitutional without imminently threatening health) Inmates are entitled not to be confined in a cell at so low a temperature as to cause severe discomfort.

- *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1994): Conditions like bitter cold may violate the Eighth Amendment even absent an immediate threat to life, especially when officials are deliberately indifferent to the risk.

- *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985): Knowledge of a preventable and excessive risk such as persistent cold, followed by failure to act, constitutes deliberate indifference.

Taken together, the cold temperature, Ms. Peters' medical vulnerabilities, the lack of adequate blankets or heating, and the lack of responsive action by facility staff amount to a "mutually enforcing effect" that deprives Ms. Peters of basic human needs — warmth and sleep. These conditions violate Ms. Peters' rights under the Eighth Amendment, and they must be corrected immediately.

Accordingly, I renew and expand my request to include the following urgent accommodations:

1. Provision of additional medical blankets to mitigate cold during the night;
2. Blocking and redirecting the airflow from the air conditioning vent in her cell;
3. Relocation to a different two-person cell with a normal ventilation layout and no history of safety threats;
4. Response to my July 8, 2025 request for a therapeutic mattress, mobility restrictions, and raised locker box.

Given the severity of this situation and the direct medical harm being caused, I ask that the medical team and administration act without delay. Please confirm receipt of this letter and inform me of the action plan no later than noon on Monday, July 21, 2025. You may reach me at (303) 667-7407.

Sincerely,

JOHN CASE, P.C.

By *John Case*

John Case
Colorado Attorney Registration #2431

cc: Alexis Ganz, Health Services Administrator
Alexis.Ganz@state.co.us

JOHN CASE, P.C.
6901 S. Pierce St. #340
Littleton CO 80128
(303) 667-7407
brief@johncaselaw.com

July 23, 2025

To:
Constituent Services
La Vista Women's Correctional Facility

Via Email:
cdoc@state.co.us

**RE: Follow-Up on Urgent Medical Accommodation Request for Tina Peters (ID #203512)**

Dear Constituent Services,

Thank you for taking action to adjust the temperature in Ms. Peters'. We appreciate your responsiveness to that critical concern, and Ms. Peters reports that the improvement has made a noticeable difference in her comfort level.

However, I must emphasize that several other essential accommodations raised in both our July 8 and July 18 communications remain unaddressed. Chief among these is the unresolved request for a therapeutic mattress. As detailed in prior correspondence, Ms. Peters suffers from chronic medical conditions—including fibromyalgia, degenerative disc disease, and myofascial pain—that are aggravated by the inadequate sleeping surface currently provided. This issue continues to impair her sleep and intensify her symptoms, posing a serious and ongoing threat to her well-being.

We respectfully renew and reiterate our request for the following accommodations:

1. **Provision of a therapeutic mattress** to alleviate chronic pain and prevent further deterioration of Ms. Peters' condition;
2. **Approval of previously requested mobility restrictions** and a **raised locker box** for medical access and safety;
3. **Confirmation of any additional steps being taken** to ensure the overall medical needs and environmental safety of Ms. Peters are being met.

We urge you to treat these outstanding items with the same urgency as the temperature issue.

Thank you again for your cooperation.

Sincerely,

JOHN CASE, P.C.
By *John Case*
Colorado Attorney Registration #2431

cc: Alexis Ganz, Health Services Administrator – *Alexis.Ganz@state.co.us*

John Case

Linda Good <agoodparalegal@proton.me>

Important

John Case

Decesaro - DOC, Tony<tony.decesaro@state.co.us>

John Case

DOC Constituent Services <cdoc@state.co.us>

Hi John,

I have found the following information regarding Tina Peters, 203512: She initially missed an appointment on 8/7/25, then she was rescheduled for a time that did not conflict with any known appointments in eOMIS. She was seen on 8/11/25 by the provider and x-rays were ordered. The x-ray report was in the system for Dr. Maul's review. The provider still did not feel she met qualifications for any medical restrictions, and since mattresses are not in the clinical standard, that issue will be reviewed. Dr. Maul reviewed that issue and determined, according to the report, the primary conclusion/result is degenerative chances of all three levels of the spine. This does not meet criteria for our specialized units and, therefore, this inmate will NOT BE APPROVED for any specialized mattress to include the egg crate mattress cover.

Also, specialized mattresses, to include egg crate mattresses, are only allowed in the dementia unit (DU), special needs medical unit (SMNU), Infirmary beds at DRDC and CTCF. I hope this addresses your concerns.

Sincerely,

Anthony A. DeCesaro

Associate Director of Legal Services

Administrative Hearings Officer

Attorney



1250 Academy Park Loop, Suite 1406

Colorado Springs, CO  80910

tony.decesaro@state.co.us | www.doc.state.us