IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

    Petitioner,

v.

JOHN FEYEN; and
PHILIP J. WEISER,

    Respondents.

**ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court pursuant to the Order of Reference [#64], entered on August 20, 2025, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge [#63]. Petitioner Tina Peters is in the custody of the Colorado Department of Corrections at the La Vista Correctional Facility in Pueblo, Colorado. [#87 at ¶ 2] On February 7, 2025, Ms. Peters commenced this action through counsel by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254[1]. [#1] The Court has carefully reviewed the filings to date, oral argument (held on

---

[1] It is unclear whether the instant action is properly brought under 28 U.S.C. § 2254 as a challenge to the validity of Ms. Peters' conviction and sentence or pursuant to 28 U.S.C. § 2241 as an attack on the execution of her sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Indeed, another judge on this Court analyzed a claim challenging bail pursuant to Section 2241. *See Hoover v. Golder*, No. 05-cv-00419-MSK-PAC, 2006 WL 1083601, at *2-3 (D. Colo. April 24, 2006) (analyzing a habeas corpus case alleging excessive bail in violation of the Eighth and Fourteenth Amendments under Section 2241 and not under Section 2254). Ultimately, the Court need not resolve that issue to adjudicate the instant action.

1

April 22, July 22, and October 16), and the applicable case law.  For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** Ms. Peters' Application and this action.

I. BACKGROUND

A Colorado jury found Ms. Peters, the former Clerk and Recorder of Mesa County, Colorado, guilty of attempting to influence a public servant, criminal impersonation, first-degree official misconduct, violation of duty, and failure to comply with requirements of the Colorado Secretary of State in Mesa County District Court case number 2022CR371. [#2 at 113-14[2]]  On October 3, 2024, the trial court sentenced Ms. Peters to a lengthy prison sentence.[3]

At the sentencing hearing, the trial court discussed the reasons for sentencing Ms. Peters to a prison term.  [*Id.* at 102-05]  The trial court stated that while Ms. Peters' age

---

[2] For consistency and clarity, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

[3] The exact length of the sentence is unclear to the Court.  At sentencing, the trial court initially stated that it sentenced Ms. Peters to "eight and a half years total plus the six months for a total of nine years incarceration." [*Id.* at 108]  By that point in the sentencing, however, the trial court had sentenced Ms. Peters to three and a half years imprisonment on counts 1 and 4 (concurrent to each other), three and a half years imprisonment on count 2 (consecutive to the sentence on counts 1 and 4) six months on counts 9 and 10 (apparently concurrent with each other but consecutive to the sentences on counts 1, 2, and 4), and 120 days on count 9 (concurrent to the counts on 9 and 10).  [*Id.* at 107]  That sentence thus totaled seven years plus six months on the misdemeanors for a total of seven and a half years.  It was then brought to the trial court's attention that it had not sentenced Ms. Peters on count six and the trial court then sentenced Ms. Peters to fifteen months on count six, consecutive to the other counts.  [*Id.* at 108]  After correcting the sentence on count 6, the trial court again reiterated that it had sentenced Ms. Peters to "eight and a half years total plus the six months for a total of nine years of incarceration." [*Id.*]  But when the 15 months is added to the seven years, that only results in eight years and three months incarceration, plus six months on the misdemeanors.  And is not clear to the Court from the judgment that the sentence imposed was eight and one half years on the felonies plus six months on the misdemeanors, as opposed to eight years and three months incarceration on the felonies plus six months on the misdemeanors.  [*Id.* at 113-14]

2

and limited criminal history were mitigating factors, it rejected her assertions of honesty and pointed to her "lies," defiance, abuse of her position, and her belief that she was "above the law" as a basis for the imposition of the prison sentence.  [*Id*.]  The trial court also weighed these considerations against Ms. Peters' "corrupt conduct" and "undermining of our democratic processes" that resulted in personal gain and attention, concluding that she "betrayed [her] oath for no one other than [her].  And this is what makes Ms. Peters such a danger to our community."  [*Id*. at 103-04]  The trial court then orally denied a stay of execution of the sentence as "wholly unwarranted" for these same reasons and stated that although "[a]ll cases have a possibility of reversal on appeal[,]" the rulings were made "after much consideration, [and] incredible amounts of internal debate."  [*Id*. at 105]  Ms. Peters' counsel then orally moved for bond pending appeal, which the trial court denied on the record.  [*Id*. at 109]

Following the sentencing hearing, Ms. Peters filed a written Motion for Bond Pending Appeal in the trial court.  [*Id*. at 118-122]  In support of her Motion, Ms. Peters argued that: (1) her appeal has merit due to numerous errors committed by the trial court; (2) she is unlikely to flee and does not pose a danger to the community; and (3) the factors set forth in Colo. Rev. Stat. §16-4-202 weigh in favor of her release on bond.  [*Id*.]  The trial court issued a written order denying Ms. Peters' Motion for Bond Pending Appeal "[f]or the reasons stated during [the sentencing hearing], and for the additional reasons stated in the [prosecution's] response" which addressed the factors set forth in the appeal bond statute, Colo. Rev. Stat § 16-4-202.  [*Id*. at 117; *see also id*. at 124-28]  In particular, the prosecution's response to Ms. Peters' Motion for Bond asserted that: (1) Ms. Peters is a flight risk based on her "prior travel history, often with the assistance of others along

3

with her disregard for court orders"; (2) Ms. Peters has a poor likelihood of success on appeal "as any error is likely to be harmless beyond a reasonable doubt"; and (3) because Ms. Peters "has not denied committing any of the acts, and has simply sought to justify her actions based upon defenses not recognized by Colorado." [*Id*. at 127-28]

After the trial court's ruling, Ms. Peters filed a Notice of Appeal and a Motion for Bond Pending Appeal in the Colorado Court of Appeals ("CCA"). [*Id*. at 170-83, 185-221] In the Motion for Bond Pending Appeal, Ms. Peters argued that the trial court erred in finding Ms. Peters' "statements made her a danger to the community." [*Id*. at 200] Ms. Peters further contended that the trial court "abused its discretion" when it determined that Ms. Peters "lied about the risk of computer manipulation in elections conducted by Mesa County, that this lie was somehow dangerous, and that [Ms. Peters] posed a danger to the community because she was likely to continue expressing that view." [*Id*. at 202 (internal quotations omitted)] Finally, Ms. Peters argued she was not a flight risk and that her appeal was not frivolous. [*Id.* at 208-18] On December 6, 2024, the CCA denied the Motion for Bond Pending Appeal. [*Id*. at 184] Ms. Peters' direct appeal of her judgment of convictions is currently pending in the CCA. [#66 at 4 n.1] Indeed, according to Respondents, Ms. Peters' direct appeal has been fully briefed and is awaiting oral argument. [*Id.*]

In the pending 28 U.S.C. § 2254 Application, Ms. Peters does not challenge the judgment of convictions. [#1] Rather, she "challenges the refusal of the Colorado Court of Appeals and the District Court of Mesa County to grant her bail pending appellate review of [her convictions]." [#1 at 2] The Application initially asserted the following three claims for relief:

4

    (1)    a First Amendment violation [*id.* at 11-17];

    (2)    a due process violation based on the trial court's: (a) failure to "consider the federal election-records preservation statutes;" (b) allow the introduction of evidence of a "security breach;" and (c) failure to conduct a hearing into whether a juror was biased against Ms. Peters [*id.* at 17-21]; and

    (3)    the denial of Ms. Peters' right to "immunity from state prosecution" under the Supremacy Clause and the Privileges and Immunities Clause of the Fourteenth Amendment [*id.* at 21-26].

As relief, Ms. Peters requests immediate release from custody on bond. [*Id*. at 26]

On February 11, 2025, the Court directed Respondents to file a pre-answer response addressing the potential applicability of the affirmative defenses of timeliness and exhaustion of state court remedies. [#5] Respondents filed a pre-answer response, contending that Ms. Peters' claims were improperly exhausted in state court. [#25] Ms. Peters filed a reply, arguing for the rejection of the exhaustion defense and seeking to have Respondents answer the merits of her petition. [#34]

On May 5, 2025, the Court issued an Order to Show Cause as to why the Application should not be dismissed as a mixed petition. [#47] On June 4, 2025, Ms. Peters filed her response to the Order to Show Cause. [#50] After reviewing the pertinent filings, on July 22, 2025, the Court held a hearing on the issues of exhaustion of state remedies and *Younger* abstention. [## 58, 60] At that hearing, counsel for Ms. Peters indicated her intention to only proceed with Claim 1, the First Amendment claim, and to dismiss the remaining claims. [#60 at 9-12, 34, 38] And on July 25, 2025, Ms. Peters, through her counsel, filed a Notice of Partial Dismissal of Claims, which dismissed Claims 2 and 3 in her Section 2254 Application and affirmed that "the sole remaining claim made in Ms. Peters' Application for a Writ of Habeas Corpus is Claim 1 . . . seeking her release on bond pending her appeal due to the violation of her First Amendment rights." [#59]

Subsequently, in response to Court orders, the parties submitted supplemental briefing on *Younger* abstention [## 62, 65, 66] and the merits of Ms. Peters' sole remaining claim [## 72, 82]. An amicus brief has also been filed and accepted by this Court. [#68-1]

## II.     ANALYSIS

Ms. Peters' claim, as set forth in the Section 2254 Application, asserts that the denial of her Motion for Bond Pending Appeal violated her First Amendment right to free speech. [#1 at 11-17] Respondents contend that the doctrine of *Younger* abstention precludes this Court's review of Ms. Peters' sole remaining claim. [#62 at 3-6] Ms. Peters disagrees, arguing that Respondents "waived any claim to *Younger* abstention" [#65 at 17-18] and that *Younger* is inapplicable to this case [*id.* at 18-20]. The Court—bound to follow Supreme Court and Tenth Circuit precedent—agrees with Respondents that it must abstain from hearing Ms. Peters' claim.

Under the *Younger* abstention doctrine, federal courts are prohibited from interfering with ongoing state criminal proceedings absent extraordinary or special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions exist: "(1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceeding." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (quotation omitted). "Younger abstention is jurisdictional" and thus must be addressed "at the outset." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004). Indeed, because *Younger* is jurisdictional, the Tenth Circuit

6

has made clear that "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Because *Younger* is jurisdictional and non-discretionary, the Court rejects Ms. Peters' argument that Respondents waived their opportunity to raise *Younger* abstention. A Court "may raise the issue of abstention *sua sponte*." *D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013). Indeed, because *Younger* is jurisdictional, "[w]hen all of the elements mandating abstention clearly exist in the record, courts may, *and should*, address application of the *Younger* abstention doctrine sua sponte." *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1216 (D.N.M. 2015) (emphasis added). Here, consistent with these principles, the Court noted potential jurisdictional defects and ordered the parties to address jurisdictional issues, including the *Younger* abstention doctrine. [#60 at 33-35] And consistent with that Order, Ms. Peters filed a response that addressed *Younger* and she has thus had an opportunity to be heard on the issue. [#65 at 17-20]

The Court thus turns to the question of whether *Younger* applies. As to the first *Younger* condition, the Court finds that there are ongoing state criminal proceedings against Ms. Peters. Indeed, It is undisputed that her direct appeal is pending before the CCA. [#66 at 4 n.1] And courts have held that ongoing criminal appeals invoke the first *Younger* condition. *Cross v. Quick*, No. CIV-25-569-D, 2025 WL 1762983, at *2 (W.D. Okla. May 20, 2025) (holding that the first *Younger* requirement was satisfied when a direct appeal was pending); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D. Kan. 1996) ("For purposes of the first [Younger] requirement, a state prosecution is considered to be

pending if as of the filing of the federal complaint not all state appellate remedies have been exhausted.").

In response, Ms. Peters argues that "the habeas relief sought by Mrs. Peters will not interfere with any ongoing state prosecution." [#65 at 19] In support, Ms. Peters cites to footnote 9 of the Supreme Court's decision in *Gerstein v. Pugh*. [#65 at 19 (citing *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975)] But there, the Supreme Court held that *Younger* did not apply because the issue raised "could not be raised in defense of the criminal prosecution" and any resultant order from the federal civil case "could not prejudice the conduct of the [criminal] trial on the merits." 420 U.S. at 108 n.9. Here, by contrast, Ms. Peters could, and did, raise the issue of her bond pending appeal and whether the denial of such bond violated her First Amendment rights. Moreover, that issue is intricately intertwined with her current appeal that argues that the district court improperly increased her sentence based upon the same statements the trial court relied upon to deny Ms. Peters bond. [#66-1 at 30-31 (arguing that "the trial court incarcerated Peters for speech that produced no threat of violence or lawless action, in violation of her rights under the First . . . Amendment[].")] Thus, any ruling by this Court on that issue will necessarily impact the ongoing criminal proceedings.

As to the second *Younger* condition, the Court concludes that there exists the presence of an important state interest. The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing

8

*Younger*, 401 U.S. at 44-45). And Ms. Peters has not argued that this second requirement has not been satisfied.[4] [#65 at 21-22]

Under the third *Younger* condition, Ms. Peters had the opportunity to raise her claim during the state criminal proceedings. Indeed, the record reflects that she did move both the trial court and the CCA for bond pending appeal. [#102 at 118-22; 185-221] And courts have held that such an opportunity satisfies the third *Younger* requirement. *Spade v. Sharp*, No. 1:24-cv-0866-TMC, 2024 WL 1672304, at *2 (D.S.C. April 18, 2024) (finding that the fact that petitioner "can pursue—and has pursued—his request for bond in state court" afforded an adequate opportunity to present a federal constitutional challenge, satisfying the third *Younger* condition); *see also Brown v. Leeke*, 460 F. Supp. 947, 948 (D.S.C. 1978) (finding *Younger* applies and that the federal court "will not interfere with the state court's determination of the amount of bail required to ensure the defendant's presence while his appeal is pending"), *dismissed*, 601 F.2d 579 (4th Cir. 1979). Indeed, Ms. Peters has not cited a single case where *Younger* was raised with respect to an appeal bond in an ongoing criminal proceeding and the federal court found *Younger* inapplicable.

Thus, all three requirements for *Younger* are met. "When *Younger*'s three requirements are met, abstention is mandatory unless one of three exceptions applies: the prosecution was (1) commenced in bad faith or to harass, (b) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary

---

[4] Ms. Peters' brief focuses upon slightly different *Younger* criteria than those used by the Tenth Circuit. [#65 at 18-20] This Court, sitting as it is in the Tenth Circuit, is bound by Tenth Circuit jurisprudence. *United States v. Young*, 729 F. Supp. 3d 1198, 1200 n.1 (D.N.M. 2024) (noting that courts in the Tenth Circuit are "bound by precedent from the Tenth Circuit").

circumstances creating a threat of irreparable injury both great and immediate." *Winn v. Cook*, 945 F.3d 1253, 1258-59 (10th Cir. 2019) (quotation omitted). Ms. Peters does not argue that one of these three exceptions applies, let alone establish grounds for such rarely invoked exceptions. [#65 at 17-22] She spends one paragraph arguing that she will suffer irreparable injury if relief is not granted, but she does so in the context of analyzing the third *Younger* factor. [#65 at 20] And in doing so, she argues that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." [*Id.* (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)] But *Roman Catholic Diocese of Brooklyn* dealt with injunctive relief from a COVID-era restriction impacting the right to worship, not an analysis of *Younger* or its extraordinary circumstances exception. 592 U.S. at 15-16. And, in any event, at no point does Ms. Peters argue that this Court should find an exception to *Younger*, as opposed to arguing that the three *Younger* requirements were not satisfied.

Moreover, to the extent Ms. Peters' brief could be seen as arguing the extraordinary circumstances exception to *Younger*, she has failed to satisfy her burden of establishing such an exception. *Hicks v. Miranda*, 422 U.S. 332, 350 (1975) ("Unless we are to trivialize the principles of Younger v. Harris, the federal complaint should have been dismissed on the appellants' motion absent satisfactory proof of those extraordinary circumstances calling into play one of the limited exceptions to the rule of Younger v. Harris and related cases."). Under *Younger*, irreparable injury must be "both great and immediate," and exists only when the threat to federally protected rights "cannot be eliminated by . . . . defense against a single prosecution." *Phelps*, 122 F.3d

10

at 889 (quoting *Younger*, 401 U.S. at 46).  Courts have "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal."  *Winn*, 945 F.3d at 1259.  And because Ms. Peters' appeal remains pending in state court, where she argues that the trial court violated her First Amendment rights by punishing her based upon her speech, any First Amendment error can be corrected through the state appeal.

Without question, Ms. Peters raises important constitutional questions concerning whether the trial court improperly punished her more severely because of her protected First Amendment speech.  But because this question remains pending before Colorado courts, this Court must abstain from answering that question until after the Colorado courts have decided the issue.  Accordingly, based upon the *Younger* abstention doctrine, her Application must be DISMISSED WITHOUT PREJUDICE. *Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014) ("Under our precedent, *Younger*-abstention dismissals have been treated as roughly akin to jurisdictional dismissals and, accordingly, have been considered to be without prejudice." (emphasis omitted)).

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971);

(2) that Petitioner's Emergency Motion for Court to Issue Expidited (sic) Opinion And Order on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#89] and Amended Emergency Motion for Court to Issue Expedited Opinion on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#91] are **DENIED AS MOOT**; and

(3) that Plaintiff's Motion to File Exhibit Under Seal [#90] is **GRANTED** for good cause shown and that the Clerk of Court is instructed to maintain Document 90-1 at a restricted level 1.

DATED: December 8, 2025

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge